Andrew C. Schwartz (State Bar No. 64578)
Larry E. Cook (State Bar No. 122776)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAY, individually and as successor in interest to the Estate of Steffen Matthew Day,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF CONTRA COSTA, JOSHUA PATZER, WARREN RUPF, and Does 1 through 50, et al.,<br><br>Defendants. | Case No.<br><br>**C 07 4335**<br><br>COMPLAINT FOR DAMAGES<br>(Violation of Civil Rights, Wrongful Death)<br><br>Jury Trial Demanded |

**JURISDICTION & VENUE**

1. This complaint alleges violations of the civil rights of Steffen Matthew Day, deceased, and of SHAWN DAY, Steffen Matthew Day's father and sole heir at law. This action arises under Title 42 United States Code section 1983. Jurisdiction is conferred upon this court by Title 28 United States Code sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Pittsburg, in CONTRA COSTA COUNTY, California, which is within this judicial district. Venue is conferred upon this court by Title 28 United States Code section 1391(b).

2. With respect to those claims brought pursuant to California law, plaintiff is required to comply with an administrative claim requirement. Plaintiff has complied with all applicable requirements.

3. Plaintiff hereby demands a jury trial in this action.

## IDENTIFICATION OF PARTIES

4. Plaintiff SHAWN DAY is a citizen of the United States and is a resident of the State of Louisiana. SHAWN DAY is the surviving father and sole heir at law of Steffen Matthew Day, deceased. Steffen Day was 17 years old at the time of his death. He died without leaving a will. SHAWN DAY brings this action individually, and as the successor in interest to the Estate of Steffen Matthew Day, in accordance with California Code of Civil Procedure sections 377.10 and 377.11.

5. Defendant COUNTY OF CONTRA COSTA ("COUNTY") is a public entity, duly organized and existing under the laws of the State of California. COUNTY operates under its authority the Contra Costa County Sheriff's Office.

6. Defendant JOSHUA PATZER ("PATZER") is a deputy sheriff with the Contra Costa County Sheriff's Office. Defendant PATZER is sued in this complaint in his individual capacity, acting under color of law and as an agent or employee of defendant COUNTY.

7. Defendant WARREN RUPF ("RUPF") is the Sheriff of CONTRA COSTA COUNTY. Defendant RUPF is sued in this complaint in his individual capacity, acting under color of law and as an agent and employee of defendant COUNTY.

8. Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 50, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as described in this complaint. Plaintiff will amend his complaint to state the true names and capacities of defendants DOES 1 through 50 when they have been ascertained.

9. Any reference in this complaint to "defendant," "defendants," or to a specifically-named defendant refers also to defendants DOES 1 through 50.

10. At all times mentioned in this complaint, defendants PATZER, RUPF, and DOES 1 through 50 were acting under color of law, and as the agents or employees of

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

defendant COUNTY.

## STATEMENT OF FACTS

11. On the evening of August 14-15, 2006, decedent Steffen Matthew Day was the driver of an automobile with two passengers in the vicinity of Bay Point and Pittsburg in Contra Costa County. Defendant PATZER was on duty, riding as the passenger in a Sheriff's patrol vehicle driven by Deputy Sheriff Jason Vorhauer. PATZER and Vorhauer followed the vehicle driven by Steffen Day for a number of blocks, but did not attempt to stop Day's car. Neither PATZER nor Vorhauer had any information to suggest that Day or his passengers had committed any criminal offense, or were wanted by law enforcement for any reason, although they believed the car was being driven somewhat erratically.

12. Day and his passengers noticed the patrol car behind them and were curious whether the deputies were specifically following them. Day drove the car into a nearby residential neighborhood to see if the deputies would continue to follow. When the deputies followed Day around each turn, Day pulled the car into the driveway of house number 36 Galleon Way.

13. Vorhauer stopped the patrol vehicle behind Day's car and the deputies shined a spotlight to illuminate Day's car and its occupants. Neither Vorhauer nor PATZER had any obtained any additional information about the car or its occupants before this point, although they noted that there was no lock on the car's trunk or rear hatch.

14. Vorhauer and PATZER approached Day's car on foot and directed Day and his passengers to show their hands and remain inside the car. PATZER drew his service revolver. PATZER and Vorhauer noted that the car driven by Day did not have a key in the ignition. Vorhauer directed Day to come out of the car and stand near its engine compartment. Day initially complied and then took flight, running toward an adjacent home.

15. PATZER followed Day at a sprint. At the time PATZER pursued Day on

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Day vs. County of Contra Costa*

COMPLAINT

Page 3

foot, PATZER had not obtained any additional information about Day other than his apparent desire to flee from the two deputies.

16. Day climbed or jumped over several fences in the attempt to flee from PATZER. PATZER followed Day and attempted to seize Day in a dark, fenced area alongside house number 26 Galleon Way.

17. Without justification or provocation, less than one minute after Day first ran from the deputies, PATZER intentionally fired his service revolver at Day.

18. Day did not exhibit any conduct to warrant the use of deadly force by PATZER. There were no grounds to support an objective belief by a reasonably trained peace officer that the use of deadly force against Day was consistent with state and federal law and the policies of the Contra Costa Sheriff's Office, or in accordance with PATZER's training in the use of deadly force.

19. PATZER's bullet entered Day's abdomen several inches to the left of his navel, and lodged in Day's right buttock after passing through the iliac artery and right pelvic bone.

20. PATZER saw Day attempting to stand after the shot was fired. PATZER directed Day to stay on the ground. Day lay on the ground and did not attempt to get up again.

21. Day later died as a result of the gunshot wound inflicted by PATZER.

22. Plaintiff is informed and believes, and on that basis alleges that defendant RUPF reviewed and investigated the conduct of PATZER which resulted in the death of Steffen Matthew Day. After reviewing the evidence regarding PATZER's use of deadly force against Steffen Matthew Day, defendant RUPF had actual and/or constructive knowledge that PATZER's use of deadly force against Steffen Matthew Day was excessive, unjustified, illegal, and unconstitutional. Plaintiff is further informed and believes, and on that basis alleges that, despite this knowledge, defendant RUPF determined that the use of deadly force by PATZER was not improper, and declined to take any disciplinary action against PATZER. In addition,

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147

*Day vs. County of Contra Costa*
COMPLAINT
Page 4

plaintiff is informed and believes, and on that basis alleges that defendant RUPF had prior notice and knowledge of other incidents involving the use of excessive force by defendant PATZER. Despite such notice and knowledge, RUPF failed to timely, reasonably, properly, or adequately investigate, discipline, supervise, or train defendant PATZER with respect to the appropriate use of force, including deadly force. The injuries alleged in this complaint are a proximate result of the conduct of RUPF in the supervision and training of PATZER.

23. Plaintiff SHAWN DAY was physically, mentally, emotionally, and financially injured and damaged as a proximate result of defendants' conduct and as a proximate result of his son's wrongful death. SHAWN DAY has suffered the loss of decedent's society, comfort, protection, companionship, love, solace, affection, and moral support, as well as the loss of decedent's financial support and future financial support. SHAWN DAY has also suffered the violation of his constitutionally-protected liberty interest in the preservation of his paternal relationship with Steffen Matthew Day. In addition to these damages, plaintiff has incurred funeral and burial expenses.

24. As a proximate result of defendants' conduct, decedent Steffen Matthew Day suffered physical pain, emotional distress, and violation of his constitutional rights, prior to his death from the gunshot wound inflicted by PATZER.

25. The conduct of defendant PATZER was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against PATZER.

26. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights, and the rights of decedent under the law. Plaintiff is therefore entitled to recover all attorney's fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

///

///

///

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147

*Day vs. County of Contra Costa*
COMPLAINT
Page 5

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. Section 1983 - Violation of Decedent's Rights

### (By SHAWN DAY, As Successor In Interest To The Estate of Steffen Matthew Day, Against Defendant PATZER)

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth in this claim for relief.

28. Defendant PATZER acted under color of law in shooting decedent without lawful justification, thereby depriving decedent of certain constitutionally-protected rights, including, but not limited to the right to be free from the use of excessive force by law enforcement officers, as guaranteed by the fourth amendment to the United States Constitution.

29. As a proximate result of the conduct of defendant PATZER, decedent suffered physical pain and emotional distress prior to his death and incurred general damages for the deprivation of his constitutional rights.

30. Defendant PATZER acted in reckless and callous disregard for the constitutional rights of decedent, and with willful oppression and malice. Plaintiff therefore seeks an award of punitive damages against PATZER.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. Section 1983 - Violation of Plaintiff's Right to Maintain Parental Relationship By SHAWN DAY, individually, Against Defendant PATZER

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth in this claim for relief.

32. The intentional killing of plaintiff's decedent without lawful justification or provocation constituted an arbitrary abuse of police power under color of state law. In addition, defendant intentionally attempted to conceal the use of excessive force to hide the true cause of the decedent's death and deprive plaintiff of his right to seek redress, which further constituted an arbitrary abuse of police power under color of

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147

state law. The conduct of defendant therefore violated the liberty interest of plaintiff in his parental relationship with decedent, an interest which is protected by the Fourteenth Amendment to the United States Constitution.

33. As a proximate result of defendant's violations of plaintiff's fourteenth amendment rights, plaintiff suffered the loss of the love, companionship, society, comfort, services, and moral and financial support of the decedent, and his sense of security, dignity, and pride as an American citizen.

34. Defendant PATZER acted in reckless and callous disregard for the constitutional rights of plaintiff, and with willful oppression and malice. Plaintiff therefore seeks an award of punitive damages against defendant PATZER.

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

**42 U.S.C. Section 1983 - Violation of Plaintiff's and Decedent's Rights**

**(By SHAWN DAY, Individually and As Successor In Interest To The Estate of Steffen Matthew Day, Against Defendant RUPF)**

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth in this claim for relief.

36. Plaintiffs are informed and believe and on that basis allege that defendant RUPF participated in the violation of SHAWN DAY's rights and the rights of plaintiff's decedent by failing to provide adequate training, supervision, discipline, and control of defendant PATZER with respect to the constitutionally appropriate use of force, including deadly force. Plaintiffs are further informed and believe and on that basis allege that defendant RUPF, in his individual capacity, participated in the violation of plaintiff's rights and the rights of plaintiff's' decedent by ratifying the conduct of defendant PATZER, as described in this complaint, thereby acquiescing in the deprivation of those rights.

WHEREFORE, plaintiff prays for relief as set forth below.

///

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147

*Day vs. County of Contra Costa*
COMPLAINT
Page 7

## FOURTH CLAIM FOR RELIEF

### Wrongful Death

### By SHAWN DAY, individually, Against All Defendants

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth in this claim for relief.

38. At all times mentioned in this complaint, each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the remaining defendants, and was acting within the course and scope of this agency or employment.

39. At all times mentioned in this complaint, defendants had a duty to use reasonable care to avoid causing foreseeable harm to decedent. Defendant PATZER breached this duty of care in battering decedent and in negligently using excessive and deadly force against decedent, and in causing decedent's death. Defendant RUPF and DOES 1 through 50 breached this duty of care in negligently hiring, training, retaining, supervising, and disciplining defendant PATZER. The negligent acts and omissions of defendants, and each of them, proximately caused the decedent's death.

40. Plaintiff was dependent upon decedent for love, society, comfort, companionship, and moral and financial support. As a proximate result of the defendants' negligence and the wrongful death of plaintiff's decedent, plaintiff suffered pecuniary damages, and incurred burial and funeral expenses.

WHEREFORE, plaintiff prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF

### California Civil Code Section 52.1

### By SHAWN DAY, as Successor in Interest To The Estate of Steffan Matthew Day, Against Defendants PATZER and COUNTY

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth in this claim for relief.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

42. In using unreasonable and deadly force against the decedent, defendant PATZER, acting within the course and scope of his employment with COUNTY, interfered and attempted to interfere with the rights of Steffen Matthew Day under the Fourth Amendment to the United States Constitution and under Article I, Section 13 of the California Constitution by threats, intimidation, and coercion.

43. As a proximate result of the conduct of defendant PATZER, plaintiff suffered damages, as described in this complaint, including actual damages within the meaning of California Civil Code section 52.

44. As a proximate result of the unlawful threats, intimidation, and coercion employed by defendant PATZER, plaintiff is entitled to an award of exemplary damages, civil penalties, and attorneys' fees, as provided by California Civil Code section 52.

WHEREFORE, plaintiffs pray for relief as follows:

1. For general damages, according to proof;

2. For special damages, according to proof;

3. For pecuniary damages, according to proof;

4. For funeral and burial expenses according to proof;

5. For punitive damages against the individually-named defendants;

6. For actual damages, civil penalties, and exemplary damages pursuant to California Civil Code section 52;

7. For attorneys' fees pursuant to 42 U.S.C. section 1988 and California Civil Code section 52;

8. For costs of suit incurred herein; and

9. For such other and further relief as the court may deem just and proper.

Dated: August 22, 2007

Andrew C. Schwartz
CASPER, MEADOWS, SCHWARTZ & COOK
Attorneys for Plaintiff

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147

Day vs. County of Contra Costa
COMPLAINT
Page 9