1  JAMES V. FITZGERALD, III (State Bar No. 55632)
   NOAH G. BLECHMAN (State Bar No. 197167)
2  MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
   PFALZER, BORGES & BROTHERS LLP
3  1211 Newell Avenue
   Post Office Box 5288
4  Walnut Creek, CA 94596
   Telephone: (925) 939-5330
5  Facsimile:  (925) 939-0203

6  Attorneys for Defendants
   COUNTY OF CONTRA COSTA, JOSHUA PATZER, and
7  WARREN RUPF

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  SHAWN DAY, individually and as              Case No. C07-4335 PJH
    successor in interest to the Estate of Steffen
12  Matthew Day,                                **FIRST AMENDED ANSWER TO**
                                                **COMPLAINT FOR DAMAGES**
13                Plaintiff,

14        vs.

15  COUNTY OF CONTRA COSTA;
    JOSHUA PATZER; WARREN RUPF, and
16  Does 1 through 50, et al.,

17                Defendants.

18

19        This First Amended Answer is being submitted by Defendants CONTRA COSTA

20  COUNTY, Sheriff's Deputy JOSHUA PATZER, and Contra Costa County Sheriff WARREN

21  RUPF.

22                        **JURISDICTION & VENUE**

23        1.    In answering paragraphs 1 thru 3, Defendants neither admit or deny the allegations

24  relating to jurisdiction and venue as they are matters of law and not appropriate for admission or

25  denial. Defendants hereby demand a jury trial in this action.

26                        **IDENTIFICATION OF PARTIES**

27        2.    In answering paragraphs 4 thru 10, these answering Defendants respond as

28  follows. Defendant County of Contra Costa is a public entity duly organized and existing under

FIRST AMENDED ANSWER TO COMPLAINT FOR
DAMAGES - Case No. C07-4335 PJH

MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   the laws of the State of California. Defendant Joshua Patzer is a Deputy Sheriff with the Contra

2   Costa County Sheriff's office. Warren Rupf is the Sheriff of Contra Costa County. At all times

3   mentioned in the complaint, Patzer was employed as a Deputy Sheriff with Contra Costa County,

4   acting in the course and scope of his employment, and acting under color of law. Defendants

5   deny the remaining allegations in paragraphs 4 thru 10.

6                              **STATEMENT OF FACTS**

7         3.      In answering paragraphs 11 through 26, these answering Defendants respond as

8   follows.

9         4.      On August 15, 2006, Contra Costa County Deputy Sheriff's Patzer and Vorhauer

10  were driving together in a marked Sheriff's patrol vehicle in the Bay Point area. Deputies Patzer

11  and Vorhauer observed a truck and a Mustang driving erratically on Willow Pass Road. His

12  attention was drawn to the vehicles as the vehicles were following each other, driving erratically,

13  and both vehicles had driven on the wrong side of the road. The Deputies were following the

14  Mustang to take down the license plate and noted that the trunk lock on the Mustang was punched

15  which suggested to them that the car might be stolen. As the Deputies were following the

16  Mustang, it pulled into a driveway and the occupants of the car began making furtive movements

17  and handing stuff to the passenger in the back seat. The Deputies turned their white spotlight on

18  the vehicle and the occupants continued to make furtive movements. When Deputy Patzer

19  approached the vehicle he observed that the ignition appeared to be punched which suggested to

20  him that the car was stolen. At this time the driver of the vehicle Steffen Day walked to the front

21  of the vehicle by Deputy Vorhauer. Day suddenly ran and jumped over a wall on the east side of

22  the driveway. Deputy Patzer yelled "foot pursuit" and gave chase.

23        5.      After a substantial chase, Patzer caught up and grabbed Day as Day was trying to

24  jump a fence. Both Deputy Patzer and Day fell forward through a gate, causing Patzer to lose his

25  flashlight and landing on his knees. Day then violently assaulted and battered Deputy Patzer and

26  then an altercation ensued. During the altercation, Day got the upper hand, continued to violently

27  assault and batter Deputy Patzer and failed to retreat and/or flee when Day was able to do so.

28  Fearing for his life and to defend himself, Deputy Patzer fired one round at Day to stop Day's

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  violent assault and battery, which turned out to be a fatal shot.  Defendants deny the remaining

2  allegations in paragraphs 11 thru 26.

3  ### FIRST CLAIM FOR RELIEF

4  **42 U.S.C Section 1983 – Violation of Decedent's Rights (By SHAWN DAY, As**

5  **Successor In Interest To The Estate of Steffen Matthew Day, Against Defendant PATZER)**

6      6.  In answering paragraphs 27 through 30, these answering Defendants incorporate

7  by reference their responses to paragraphs 1 through 26, stated herein.

8      7.  These answering Defendants deny the allegations in paragraphs 27 through 30.

9  ### SECOND CLAIM FOR RELIEF

10  **42 U.S.C Section 1983 – Violation of Plaintiff's Right To Maintain Parental**

11  **Relationship By SHAWN DAY, individually, Against Defendant PATZER**

12      8.  In answering paragraphs 31 through 34, these answering Defendants incorporate

13  by reference their responses to paragraphs 1 through 26, stated herein.

14      9.  These answering Defendants deny the allegations in paragraphs 31 through 34.

15  ### THIRD CLAIM FOR RELIEF

16  **42 U.S.C Section 1983 – Violation of Plaintiff's and Decedent's Rights (By SHAWN**

17  **DAY, Individually and As Successor In Interest To The Estate of Steffen Matthew Day,**

18  **Against Defendant RUPF)**

19      10.  In answering paragraphs 35 through 36, these answering Defendants incorporate

20  by reference their responses to paragraphs 1 through 26, stated herein.

21      11.  These answering Defendants deny the allegations in paragraphs 35 through 36.

22  ### FOURTH CLAIM FOR RELIEF

23  **Wrongful Death**

24  **By SHAWN DAY, Individually, Against All Defendants**

25      12.  In answering paragraphs 37 through 40, these answering Defendants incorporate

26  by reference their responses to paragraphs 1 through 26, stated herein.

27      13.  These answering Defendants deny the allegations in paragraphs 37 through 40.

28      / / /

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

**FIFTH CLAIM FOR RELIEF**

**California Civil Code Section 52.1**

**By SHAWN DAY, As Successor In Interest To The Estate of Steffen Matthew Day,**

**Against Defendants PATZER and COUNTY**

14.    In answering paragraphs 41 through 44, these answering Defendants incorporate by reference their responses to paragraphs 1 through 26, stated herein.

15.    These answering Defendants deny the allegations in paragraphs 41 through 44.

**AFFIRMATIVE DEFENSES**

1.    AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

2.    AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiff's Complaint herein.

3.    AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the Complaint herein, the Plaintiff failed to mitigate the amount of their damages, if any.  The damages claimed by Plaintiff could have been mitigated by due diligence on their part or by one acting under similar circumstances.  The Plaintiff's failure to mitigate is a bar to their recovery under the Complaint.

4.    AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's own negligence in and about the matters alleged in their Complaint herein was the sole proximate cause of the happening of the accidents, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff bars recovery to Plaintiff or, in the alternative, that said Plaintiff's negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the accidents and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff requires that any damages awarded Plaintiffs shall be

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    diminished as required by the law of the State of California in proportion to the amount of fault

2    attached to said Plaintiff.

3      5. AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these

4    answering Defendants allege that the sole proximate cause of the injuries and damages, if any,

5    allegedly suffered by Plaintiff was the negligence and fault of others than these answering

6    Defendants or on the part of any person or entity for whose acts or omissions these answering

7    Defendants are legally or otherwise responsible.

8      6. AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these

9    answering Defendants allege that Plaintiff has failed to state a cause of action in that each of the

10    causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the

11    California Code of Civil Procedure.

12      7. AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

13    these answering Defendants allege that there is no statutory or other basis for the attorney's fees

14    sought by Plaintiff.

15      8. AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these

16    answering Defendants allege that at all times herein mentioned, the acts complained of, if any

17    there were, were privileged under applicable statutes and case law.

18      9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these

19    answering Defendants allege that they are immune from liability herein pursuant to the provisions

20    of California Government Code Sections 810 through 996.6.

21      10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these

22    answering Defendants allege that at or about the time of the alleged event, the Defendants were

23    presented with and had in their possession sufficient facts to constitute reasonable suspicion for

24    the detention of Decedent Day and/or probable cause to arrest Decedent Day.

25      11. AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

26    these answering Defendants allege that at all times herein mentioned, all actions taken by the

27    Defendants were reasonable under the circumstances and taken under a good faith belief that the

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  actions were not unlawful and Defendants are therefore immune under the "good faith immunity"

2  doctrine and/or the doctrine of qualified immunity.

3      12.    AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

4  these answering Defendants allege that only such reasonable force as was necessary and lawful

5  under the circumstances was used by the Defendants.

6      13.    AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

7  these answering Defendants allege the alleged acts or omissions of the peace officers complained

8  of in the Complaint herein were based upon the peace officers' reasonable suspicion to believe

9  that the Plaintiff's decedent (Steffen Day had committed a crime in the officers' presence and the

10  officers used reasonable force to detain, effect the arrest, prevent the escape or overcome the

11  resistance of said Plaintiff's decedent (Steffen Day), and Defendant is therefore immune by virtue

12  of the provisions of Section 836.5(a) and 836.5(b) of the California Penal Code.

13      14.    AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE

14  DEFENSE, this answering Defendant alleges that Plaintiff and Plaintiff's decedent (Steffen Day)

15  had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless

16  voluntarily and with full appreciation of the amount of danger involved in their actions and the

17  magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

18      15.    AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

19  this answering Defendant alleges that the Plaintiffs by virtue of their own conduct and omissions

20  have enhanced and materially contributed to the damages, if any there may be, allegedly

21  sustained by Plaintiffs as a result of the acts or omissions complained of herein.

22      16.    AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

23  this answering Defendant alleges that Plaintiff's decedent (Steffen Day) was himself violent,

24  resistive, combative and uncooperative to Defendants and so Defendants acted in self-defense.

25                          PRAYER FOR RELIEF

26      WHEREFORE, Defendants pray for the following relief:

27      1.    That plaintiffs take nothing by way of their Complaint herein;

28      2.    For costs of suit;

FIRST AMENDED ANSWER TO COMPLAINT FOR          6
DAMAGES - Case No. C07-4335 PJH

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

3.    For attorney's fees;

4.    For such further relief as this Court may deem just and proper.

Dated:  October 19, 2007

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendants
COUNTY OF CONTRA COSTA, JOSHUA PATZER, and WARREN RUPF