JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
COUNTY OF CONTRA COSTA, JOSHUA PATZER, and
WARREN RUPF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAY, individually and as successor in interest to the Estate of Steffen Matthew Day,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF CONTRA COSTA; JOSHUA PATZER; WARREN RUPF, and Does 1 through 50, et al.,<br><br>Defendants. | Case No. C07-4335 PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     November 29, 2007<br>Time:     2:30 p.m.<br>Before:   Hon. Phyllis J. Hamilton<br>Courtroom: 3, 17th Floor |

Plaintiff SHAWN DAY ("Plaintiff") and Defendants, COUNTY OF CONTRA COSTA, JOSHUA PATZER and WARREN RUPF ("Defendants") hereby jointly submit this Joint Case Management Statement pursuant to Federal Rules of Civil Procedure 16 and 26, the Civil Local Rules of the Northern District of California, and this Court's Standing Order.

1. **Jurisdiction and Service**

The parties agree that this Court has subject matter jurisdiction over all claims in this action pursuant to 28 U.S.C. §§ 1331 and 1343. The parties further agree that this Court has personal jurisdiction over all parties, and that venue in the Northern District of California is proper. All parties have been served and have appeared.

2.  **Relevant Facts**

This is a wrongful death action arising out of the death of decedent Steffen Day ("Decedent") on or about the evening of August 14th or 15th, of 2006. On that evening, Decedent was driving a vehicle with two passengers in the area of Bay Point and Pittsburg in Contra Costa County. Two Deputies of the Sheriff's Department spotted Decedent's vehicle which was driving erratically and followed the vehicle. The Deputies followed the vehicle until it stopped in a driveway. The Deputies noted that the vehicle did not have any lock on the car's trunk. Officers approached the vehicle and noted that the vehicle Decedent was driving had no key in the ignition. When the Deputies directed Decedent out of the vehicle, Decedent initially complied and then took flight, running towards an adjacent home. Defendant Deputy Patzer ("Patzer") followed the fleeing Decedent.

Plaintiff contends that after Decedent jumped over several fences with Patzer in pursuit, without justification or provocation, less than one minute after Decedent first ran from Deputies, Patzer intentionally fired his service revolver at Decedent in the dark fenced area along side of the house at 26 Galleon Way. The one gun shot hit Decedent in the abdomen and Decedent later died as a result of the gunshot wound by Patzer.

Conversely, Defendants contend that the detention of Decedent was proper and the shooting was also justified and lawful. More specifically, when Contra Costa County Deputy Sheriff Deputies Patzer and Vorhauer were driving together in a marked Sheriff's patrol vehicle in the Bay Point area, they observed a truck and a Mustang driving erratically on Willow Pass Road. The vehicles were following each other, driving erratically, and both vehicles had driven on the wrong side of the road. The Deputies followed the Mustang to take down the license plate and noted that the trunk lock on the Mustang was punched which suggested to them that the car might be stolen. As the Deputies were following the Mustang, it pulled into a driveway and the occupants of the car began making furtive movements and handing stuff to the passenger in the back seat. The Deputies turned their white spotlight on the vehicle and the occupants continued to make furtive movements. When Patzer approached the vehicle, he observed that the ignition appeared to be punched which was another fact that suggested to him that the car was stolen. At

JOINT CASE MANAGEMENT CONFERENCE                2
STATEMENT - Case No. C07-4335 PJH

this time, the driver of the vehicle, Decedent, walked to the front of the vehicle and then Decedent suddenly ran and jumped over a wall on the east side of the driveway. Patzer yelled "foot pursuit" and gave chase.

After a substantial chase, Patzer caught up and grabbed Decedent as Decedent was trying to jump another fence. Both Patzer and Decedent fell forward through a gate, causing Patzer to lose his flashlight and landing on his knees. Decedent then violently assaulted and battered Patzer. During the altercation, Decedent got the upper hand, continued to violently assault and batter Patzer and failed to retreat and/or flee when Decedent was able to do so. Fearing for his life and to defend himself, Patzer fired one round at Decedent to stop Decedent's violent assault and battery. This turned out to be a fatal shot.

The <u>principal factual disputes</u> in this case will be as follows:

(a) Whether the vehicle Decedent was driving showed signs of being stolen, including the fact that no key was in the ignition of the vehicle and the trunk lock was missing;

(b) What occurred during the foot pursuit by Patzer of Decedent;

(c) Whether Decedent violently resisted arrest and/or assaulted and/or battered Patzer; and

(d) Whether Patzer was in fear of his life or of suffering serious injury during the altercation with Decedent along side of the house at 26 Galleon Way.

3. **Legal Issues**

The parties dispute the following legal issues:

(a) Whether Defendants had reasonable suspicion and/or probable cause to detain/stop/arrest Decedent and his passengers;

(b) Whether Patzer used force in an objectively reasonable manner in attempting to control and/or arrest Decedent; and

(c) Whether Patzer's use of deadly force was justified under the circumstances; and

(d) Whether the Defendant Deputies are entitled to qualified immunity.

### 4. Motions

There are no outstanding motions and no motions have previously been filed in this action. It is unclear about whether or not any motions are anticipated by the parties, though Defendants may file a dispositive motion in this matter.

### 5. Amendment of Pleadings

At this time, the parties do not anticipate needing to amend their respective pleadings.

### 6. Evidence Preservation

The parties mutually request that each side take all necessary precautions to ensure that all potentially relevant discovery (whether in electronic, hard copy, or graphic form) be preserved.

### 7. Disclosures

By the time of this case management conference, the parties will have mutually participated in exchanging initial disclosures per FRCP 26, including relevant witnesses and documentation.

### 8. Discovery

The parties anticipate serving written discovery and pointed documents requests in this action. Plaintiff anticipates noticing the depositions of Defendants, including Defendant Patzer and perhaps other relevant Deputies. Defendants will take Plaintiff's deposition, as well as take the depositions of potential percipient witnesses. Other discovery is unknown at this point in time.

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

There are no related cases.

### 11. Relief

Plaintiff seeks compensatory damages, general damages and punitive damages, as well as attorney's fees and any further relief as the Court may deem proper.

### 12. Settlement and ADR

The parties have not yet engaged in any formal settlement procedures as of yet.

13. **Consent to Magistrate Judge For All Purposes**

The parties do not consent to the assignment of this action to a United States Magistrate Judge for trial.

14. **Other References**

No references are appropriate in this action.

15. **Narrowing of Issues**

The parties anticipate that through discovery, both written and oral, issues in this matter will be narrowed in preparation for trial. At this point, it is too early determine how best to present evidence at trial. Defendants may request that liability and damages issues be bifurcated at trial.

16. **Expedited Schedule**

This is not applicable and appropriate in this matter.

17. **Scheduling**

The parties propose the following proposed schedule in this matter, per the availability of the Court:

| Event | Proposed Deadline |
|---|---|
| Deadline to add additional parties or claims, without leave | December 28, 2007 |
| Date of Next Case Management Conference | April 18, 2008 |
| Completion of fact discovery | May 23, 2008 |
| Expert Disclosure Deadline | June 20, 2008 |
| Rebuttal Expert Disclosure Deadline | July 8, 2008 |
| Completion of Expert Discovery | August 8, 2008 |
| Last Day to Hear Dispositive Motions | September 8, 2008 |
| Pre-Trial Conference Statement Due Filed | September 29, 2008 |
| Pre-Trial Conference (subject to Court's availability) | October 13, 2008 |
| Trial Date (subject to Court's availability) | November 24, 2008 |

**18. Trial**

This case will be tried before a jury. The parties anticipate that the trial will last five to seven (5-7) Court days.

**19. Disclosure of Non-party Interested Entities or Persons**

The parties have no such interest or interests to report.

Dated: November 20, 2007

CASPER, MEADOWS, SCHWARTZ & COOK

By: _____
Andrew C. Schwartz, Esq.
Larry Cook, Esq.
Attorneys for Plaintiff
SHAWN DAY

Dated: November 20, 2007

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
COUNTY OF CONTRA COSTA, JOSHUA PATZER, and WARREN RUPF