Andrew C. Schwartz (State Bar No. 64578)
Larry E. Cook (State Bar No. 122776)
Thom Seaton (State Bar No. 62713)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone:  (925) 947-1147
Facsimile:  (925) 947-1131

Attorneys for Plaintiff
SHAWN DAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAY, individually and as successor in interest to the Estate of Steffen Matthew Day,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF CONTRA COSTA, JOSHUA PATZER, WARREN RUPF, and Does 1 through 50, et al.,<br><br>Defendants. | Case No. C07-4335-PJH<br><br>**DECLARATION OF ROGER CLARK IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT / SUMMARY ADJUDICATION**<br><br>Date:        September 10, 2008<br>Time:       9:00 a.m.<br>Judge:      Honorable Phyllis J. Hamilton<br>Dept:        Courtroom 3, 17th Floor (SF) |

I, ROGER CLARK, DECLARE:

1.  I am a Police Procedures Consultant retained by Plaintiff in this action. I am familiar with the record in this case.

2.  My background and credentials are listed in a true and correct copy of my curriculum vitae, at **Exhibit 1** to my declaration.

3.  I have prepared a Rule 26 Report which I have attached to my declaration as **Exhibit 2**. I reaffirm the conclusions in that Report.

3.  My opinions are based in part on my training, professional experience and education. I am a twenty-seven year veteran of the Los Angeles County Sheriffs Department (LASD). I was hired on December 1, 1965, and I retired from active

*Day v. County of Contra Costa* No. C07-4335 PJH
Declaration Of Roger Clark In Opposition To Defendants' Motion For Summary Judgment / Summary Adjudication

Page 1

service on March 31, 1993. My career included six years at the rank of Deputy Sheriff, six years as a Sergeant, and fifteen years as a Lieutenant. I hold a California Peace Officer Standards and Training (POST) Advanced Certificate, and I am a graduate of the POST Command College (class #5).

4. I have also served on the department as a patrol officer, field supervisor, jail watch commander and administrator, station watch commander and commanding officer of investigative units. I was a field training officer while assigned as a patrol duty, and I trained new officers in POST and department approved patrol procedures, field investigations, apprehension techniques and emergency procedures.

5. I reviewed the following documents:

1. The Plaintiff's claim for damages.

2. Coroner's Inquest Transcript, December 20, 2006, Case No. 2006-1851.

3. Witness Interview: Mr. Henry Martin.

4. Letter dated 6/24/08 to Mr. Larry E. Cook from defendants' attorney producing the following:

    (a) Dispatch recording (CD: Deposition of Joshua Patzer).

    (b) Incident history detail; unit history inquire report; Pittsburg P.D.

    (c) Continuation/Supplementary Report (with CD).

5. CD and printouts of that CD as follows:

    (a) Autopsy Photos

    (b) Crime Lab Scene Photos (3 sets)

6. CD and printout of that CD:

    (a) Crime Lab scene photos.

7. Death Certificates.

8. Initial Disclosures.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Day v. County of Contra Costa* No. C07-4335 PJH
Declaration Of Roger Clark In Opposition To Defendants' Motion For Summary Judgment / Summary Adjudication

Page 2

9. Discovery – Defendants (Responses to Request for Production of Documents.)

10. Medical Records.

11. Autopsy Report.

12. Deposition of Deputy Joshua Patzer, taken May 29, 2008 (with exhibits).

13. Sheriffs Office Investigation into 10/23/03 complaint against Deputy Patzer & Deputy Brown.

14. Police Reports regarding this incident.

15. Personnel File: Deputy Joshua Patzer.

16. Interview of Deputy Joshua Patzer (printout and CD of Audio Recording).

17. Four videos on CD:

    (a) Interview of Deputy Berry.

    (b) Steffen Day

    (c) Inspector Lyn Interviews with:

        (1) P. Manual

        (2) F. Morero

        (3) J. Torres

        (4) R. Malig

        (5) S. Padilla

    (d) Inspector Menchaca Interviews with:

        (1) McKinly

        (2) R. Greenburg

        (3) Pittsburg Police Department Officer Reddoch

18. POST Training Domain #1 – "History, Professionalism and Ethics."

19. POST Training Domain #2 – "Criminal Justice System."

20. POST Training Domain #19 – "Vehicle Operations."

Day v. County of Contra Costa No. C07-4335 PJH
Declaration Of Roger Clark In Opposition To Defendants' Motion For Summary Judgment / Summary Adjudication

Page 3

21. POST Training Domain #20 – "Use of Force."

22. POST Training Domain #21 – "Patrol Techniques."

23. POST Training Domain #22 – "Vehicle Pullovers."

24. POST Training Domain #33 – "Arrest Methods/Defensive Tactics."

25. Defendants Motion For Summary Judgment and supporting documents.

26. The Declarations of Henry Martin and Sonja Martin.

6. On August 15, 2006, a well-trained deputy sheriff would have known that the governing law restricted his or her use of deadly force to those situations when the Deputy has probable cause to believe that a suspect poses an imminent serious threat of death or serious physical injury to the Deputy or others. The Contra Costa County Sheriff's Use of Force Policy, No. 1.06.61 contains a statement of what Contra Costa Deputies would have understood to be the law governing their conduct in August, 2006.

7. As I stated in my Report, Deputy Patzer made what training officers refer to as a "Fatal Error" in deciding to pursue Steffen Day alone on a night which Patzer described as "very dark." The label "Fatal Error" does not refer to events which transpired after the decision to chase Steffen Day. That is, the description is not the result of "20/20 hindsight." Instead, the term describes a deliberate reckless and dangerous action by a police officer or deputy sheriff which placed both the officer and civilians at grave risk of unnecessary harm or death.

8. The decision was particularly reckless given the Deputies' failure to confirm by computer that the Ford Mustang had been stolen and the absence of information that Day, if not apprehended, posed a risk of serious physical harm to anyone.

9. In my Report I stated that "Deputy Patzer's decision to engage in a foot pursuit (totally by himself) can only be viewed as deliberately reckless and dangerous and an act directly connected to the shooting death of Steffen Day." Report, p. 4. My

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

statement that Deputy Patzer's lone pursuit "was an act directly connected to the shooting death of Steffen Day," not only confirmed the obvious facts that the pursuit led chronologically to Steffen Day's death and that Day's death would not have occurred but for Patzer's pursuit. I also intended to convey my opinion, which I reiterate here, that the decision to pursue Steffen Day carried with it the strong probability that serious physical harm or death would result.

10. After reviewing the material, I remain convinced that Deputy Patzer's use of deadly force was objectively unreasonable even if Deputy Patzer's recollection of events is entirely accurate. Deputy Patzer had not sustained serious physical harm and was not under threat of serious physical harm or death when he used deadly force against the unarmed Steffen Day, but instead, acted from an unwarranted and unsupportable subjective fear.

11. I am concerned about whether Deputy Patzer was sufficiently well rested when the incident happened at approximately 1:45 a.m. on August 15, 2006. Deputy Patzer had arrived at work on the morning of August 14, 2006 at the County Jail in Martinez where he worked until 3:10 or 3:30 p.m. Paragraph 55 of his declaration states that he was physically exhausted from the struggle, although he testified in his deposition that he was "fit" in August, 2006. His admitted exhaustion and panicked state observed by Henry Martin, who observed him immediately after the shooting is inconsistent with a deputy who lacked sufficient sleep to make clear-headed proper decisions and who may have subjectively believed he was under a threat when severe harm when, objectively, he was not.

12. A critical element of Deputy Patzer's justification for using deadly force was the alleged "fact" that after both men fell through the gate, Steffen Day punched Deputy Patzer in the forehead above the Deputy's left eye.

13. According to the Report of the Sheriff's Department Criminalistics Laboratory, an air conditioner was affixed to the wall of the east side of the house located at 26 Galleon Way. The air conditioner was 32 inches north of the gate;

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Day v. County of Contra Costa* No. C07-4335 PJH
Declaration Of Roger Clark In Opposition To Defendants' Motion For Summary Judgment / Summary Adjudication

Page 5

extended 15 inches away from the wall and the lowest edge was approximately 41 inches from the ground.

14. Mr. Henry Martin and his wife, Sonja Martin, have executed declarations in opposition to the summary judgment motion. These statements indicate that the Martins heard loud noises shortly before the shooting. At first they believed that all the loud noises were gunshots. Later, after reconsidering the event, they concluded that the first loud sounds they heard sounds were made by the forced opening of the gate into the yard of 26 Galleon Way and/or someone running into the air conditioning unit which protrudes from the house just inside the yard from the gate.

15. While the shooting of Steffen Day would have been objectively unreasonable and unwarranted even if Day had punched Deputy Patzer in the head, evidence that the deputy may have struck his head on the air conditioning unit renders the shooting even more unreasonable and unsupportable.

16. Including the bump on Deputy Patzer's head depicted in the photographs the Defendants have attached as Exhibit G to their motion, the photographs do not depict a person who has sustained serious, much less life-threatening, physical harm or injury. Discounting the bump on the head, there is no evidence whatever that prior to the shooting, Steffen Day inflicted any physical harm or injury to Deputy Patzer.

17. The photographs and transcript of the Administrative Review Interview (28:1) indicate that the gate and nearby air conditioner were at the south end of the yard; that Deputy Patzer stood between Steffen Day and the gate when he shot Day; and that Day was moving toward the gate when Deputy Patzer shot him. To successfully flee through the open gate, Day would have had to run by or into Deputy Patzer. Moreover, it was very dark. Deputy Patzer told investigators, "I couldn't see anything." Administrative Review Interview, 24:2.

18. As I testified in my deposition, it appears that the immediate event which precipitated the shooting was the contact between Deputy Patzer and the air

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147

*Day v. County of Contra Costa* No. C07-4335 PJH
Declaration Of Roger Clark In Opposition To Defendants' Motion For Summary
Judgment / Summary Adjudication

Page 6

conditioner. From the photographs of the scene; the location of Steffen Day's body, and the Deputy's statements, it appears that Day was moving toward the air conditioner and gate and that Deputy Patzer was moving backwards when his back struck the air conditioner. Believing that Steffen Day's confederates had escaped from his fellow Deputy and that he was thus surrounded, Deputy Patzer shot Steffen Day. Deputy Patzer's fear was entirely imaginary and subjective. No evidence exists that the Deputy had any sensory indication (hearing, touch or visual) that anyone other than he or Steffen was in the yard when he shot Steffen. Any fear that Deputy Patzer possessed cannot be considered *objectively* reasonable justifying the use of deadly force.

19. As I have explained, it does not appear that Steffen Day caused any serious physical harm to Deputy Patzer. The bruises the Deputy sustained likely occurred when he hit the air conditioner; when he ran through the bushes; by the fall through the gate; and when he stumbled and pushed his arm through the debris in the yard as he tried to get up. Even assuming Day struck him in the head, other than that one punch, Patzer only sustained glancing blows which caused no damage.

20. To summarize my conclusion: Deputy Patzer's shooting of Steffen Day was completely unjustified and not objectively reasonable. Steffen Day was 17 years old. Deputy Patzer had no confirmed information that Steffen had committed any crime; carried any weapons or had ingested any drugs. Deputy Patzer had other non-lethal law enforcement tools, including a collapsible baton and pepper spray which could have subdued Steffen Day, but he made no attempt to use them. Most significantly, Steffen Day inflicted no serious physical harm or injury to Deputy Patzer and threatened no such injury.

21. Based on the County's training regimen and Deputy Patzer's unjustified shooting of Steffen Day, it is somewhat shocking to me that the Sheriff's Department failed to discipline Deputy Patzer. His numerous errors, including his failure to wait for a report on the suspected stolen vehicle before leaving the patrol car; his lone pursuit

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Day v. County of Contra Costa* No. C07-4335 PJH
Declaration Of Roger Clark In Opposition To Defendants' Motion For Summary Judgment / Summary Adjudication

Page 7

of Steffen Day and his unjustified shooting of Steffen Day required the Department to discipline the Deputy. By failing to do so, the Department ratified the Deputy's misconduct and signaled to all Deputies that the use of deadly force was proper even when a Deputy did not face the threat of serious physical harm or death,

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that I could competently testify in person as to these facts and opinions.

Executed at Fresno, California on August 20, 2008.

/s/ _____
ROGER CLARK

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 102D
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Day v. County of Contra Costa* No. C07-4335 PJH
Declaration Of Roger Clark In Opposition To Defendants' Motion For Summary Judgment / Summary Adjudication

Page 8

# PROOF OF SERVICE

RE: Shawn Day, et al. v. County of Contra Costa, et al.
United States District Court Case No. C07-4335-PJH

I am a citizen of the United States and am employed in the County of Contra Costa, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is 2121 North California Blvd., Suite 1020, Walnut Creek, CA 94596. On the date below, I served the following documents in the manner indicated on the below-named parties and/or counsel of record:

**DECLARATION OF ROGER CLARK IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT / SUMMARY ADJUDICATION**

☐ U.S. MAIL, with First Class postage prepaid and deposited in sealed envelopes at Walnut Creek, California.
☐ ELECTRONICALLY, I caused said documents to be transmitted using ECF as specified by General Order No. 45 to the following parties.
☐ FACSIMILE TRANSMISSION from (925) 947-1131 during normal business hours, complete and without error on the date indicated below, as evidenced by the report issued by the transmitting facsimile machine.
☐ Hand-Delivery Via Courier
☒ Other: OVERNIGHT DELIVERY. On the date indicated below, I placed a true and correct copy of the aforementioned document(s) in a sealed envelope and/or package designated by *Federal Express Priority Overnight*, individually addressed to the parties indicated below, with fees fully prepaid, and caused each such envelope and/or package to be deposited for pick-up on the same day by an authorized representative of *Federal Express* at Walnut Creek, California, in the ordinary course of business.

**For Defendants**
James V. Fitzgerald, III
McNamara, Dodge, Ney, Beatty, Slattery & Pfalzer LLP
1211 Newell Avenue
Walnut Creek, CA 94596
Tel: (925) 939-5330
Fax: (925) 939-0203

I declare under penalty of perjury under the laws of the State of California, and the United States of America, that the foregoing is true and correct and that I am readily familiar with this firm's practice for collection and processing of documents for mailing with the U.S. Postal Service.

Dated: August 20, 2008          _/s/ Shannon M. Bowers_
                                 SHANNON M. BOWERS

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131