Andrew C. Schwartz (State Bar No. 64578)
Larry E. Cook (State Bar No. 122776)
Thom Seaton (State Bar No. 62317)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Attorneys for Plaintiff
SHAWN DAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAY, individually and as successor in interest to the Estate of Steffen Matthew Day,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF CONTRA COSTA, JOSHUA PATZER, WARREN RUPF, and Does 1 through 50, et al.,<br><br>    Defendants. | Case No. C07-4335-PJH<br><br>**PROPOSED ORDER**<br><br>Date:    September 10, 2008<br>Time:    9:00 a.m.<br>Judge:   Honorable Phyllis J. Hamilton<br>Dept:    Courtroom 3, 17th Floor (SF) |

On September 10, 2008, the Federal District Court for the Northern District of California, the Honorable Phyllis J. Hamilton presiding, heard Defendants' Motion For Summary Judgment/ Summary Adjudication. Larry Cook, of Casper, Meadows, Schwartz and Cook appeared for Plaintiff Shawn Day and James V. Fitzgerald, III of McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers, LLP, appeared for moving parties, Defendants County of Contra Costa, Joshua Patzer, and Sheriff Warren Rupf.

Having read the papers in support of and in opposition to the Motion and heard argument, the Court issues the following Order:

Defendants' Motion For Summary Judgment/Summary Adjudication is DENIED

on the following grounds:

1. Even accepting Defendants' version of the facts as described by Deputy Patzer, Defendants have failed to establish, as a matter of law, that Deputy Patzer had sustained or was faced with the threatened infliction of serious physical harm or death when he used deadly force against the unarmed Steffen Day. *Tennessee v. Garner,* 471 U.S. 1, 11 (1985).

2. The Ninth Circuit has stated that summary judgment is to be used sparingly in excessive force cases. *Smith v. City of Hemet,* 394 F.3d 689, 701 (9th Cir. 2005). Keeping in mind the Ninth Circuit's admonition in *Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir. 1994) to tread carefully when the defendant officer is the only eyewitness, the Court has reviewed the entire record and found that numerous issues of material fact exist as to what actually occurred during the confrontation between Steffen Day and Deputy Patzer. Questions exist about the injuries sustained by Deputy Patzer and how he sustained them; the actual threat posed by Steffen Day; Deputy Patzer's mental and physical states; whether Deputy Patzer acted primarily from a subject fear of harm; whether the Deputy could have used alternative means to subdue Steffen Day; whether Steffen Day intended to flee from the yard; and whether Steffen Day had gained the upper hand when he was shot preclude this Court from resolving these factual disputes.

3. The second prong of the qualified immunity asks the Court to determine whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. 194 (2001); *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose,* 402 F.3d 962 (9th Cir. 2005). In light of numerous unanswered questions and disputed issues of fact, the Court cannot determine with sufficient confidence the situation Deputy Patzer confronted. The Court cannot rule on qualified immunity until a jury resolves the underlying historical facts. *Wilkins v. City of Oakland,* 350 F.3d 949, 955-956 (9th Cir. 2003). If the jury determines that Deputy Patzer was not faced with a threat of serious physical harm or

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

Proposed Order                                                    Page 2

death when he shot Steffen Day, Deputy Patzer would not be entitled to qualified immunity.

4.  The law governing the use of deadly force has been well established since *Tennessee v. Garner,* 471 U.S. 1, 11 (1985). The cases Defendants have cited do not place Deputy Patzer in the hazy area in which the use of deadly may force may be immunized. Steffen Day had no weapon – not a gun, knife, a speeding vehicle or the deputy's flashlight. He had not been kicked in the head and Deputy Patzer has not claimed that Steffen Day had tried to obtain the Deputy's weapon. The injuries Deputy Patzer sustained were not serious and definitely not life threatening. There were no witnesses attesting that he had sustained substantial harm or was threatened with such harm.

5,  Defendants argue that Palitff's Fourteenth Amendment stands or falls based on the fate of Plaintiff's Fourth Amendment claim. The issues of fact which bar summary adjudicaton of the Fourth Amendment claim likewise bar summary adjudication of the Fourteenth Amendment claim as well.

5.  Plaintiff's claim under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978) withstands summary adjudication. If the jury finds that Deputy Patzer used objectively unreasonable force, that jury could find that the County's exoneration of Steffen Day ratified his conduct and reflected an actual County policy permitting the use of deadly force in the absence of a threat of serious physical harm or death confronting a deputy. Even absent a pattern of misuse of deadly force, a jury could conclude that Patzer's departure from established law and County policy revealed a failure to train. *See,* Clark Declaration.; *Long v. County of Los Angeles* 442 F.3d 1178, 1188 (9th Cir. 2006); *Munger v. City of Glasgow Police Dept.* 227 F.3d 1082, 1088 (9th Cir. 2000).

6.  Plaintiff's claims under California law also survive summary judgment. Those claims, as Defendants recognize, are subject to the "objective reasonableness" standard. *Munoz v. City of Union City* 120 Cal.App.4th 1077, 1102, (2004). Plaintiff's State

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

law claims are not subject to California Government Code § 820.2 discretionary immunity. Under *Johnson v. State of California* 69 Cal.2d 782 (1968) and its progeny, California courts have differentiated to between "basic policy decisions," which are immunized and 'operational' levels of decision-making,'" which are not. Deputy Patzer's conduct was not the type of government action immunized by § 820.2. In any event, the contours of his conduct and his possible negligent undertaking of an initial discretionary decision, bar summary judgment here given the competing inferences which permeate the record. *McCorkle v. City of Los Angeles* 70 Cal.2d 252, 261 (1969.

Dated:_____          _____
                                       Honorable Phyllis J. Hamilton
                                       Judge, Northern District of California

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

Proposed Order                                                    Page 4

**PROOF OF SERVICE**

RE:   Shawn Day, et al. v. County of Contra Costa, et al.
       United States District Court Case No. C07-4335-PJH

I am a citizen of the United States and am employed in the County of Contra Costa, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is 2121 North California Blvd., Suite 1020, Walnut Creek, CA 94596. On the date below, I served the following documents in the manner indicated on the below-named parties and/or counsel of record:

**PROPOSED ORDER**

☐ **U.S. MAIL**, with First Class postage prepaid and deposited in sealed envelopes at Walnut Creek, California.
☐ **ELECTRONICALLY**, I caused said documents to be transmitted using ECF as specified by General Order No. 45 to the following parties.
☐ **FACSIMILE TRANSMISSION** from (925) 947-1131 during normal business hours, complete and without error on the date indicated below, as evidenced by the report issued by the transmitting facsimile machine.
☐ **Hand-Delivery Via Courier**
☒ **Other**: OVERNIGHT DELIVERY. On the date indicated below, I placed a true and correct copy of the aforementioned document(s) in a sealed envelope and/or package designated by *Federal Express Priority Overnight*, individually addressed to the parties indicated below, with fees fully prepaid, and caused each such envelope and/or package to be deposited for pick-up on the same day by an authorized representative of *Federal Express* at Walnut Creek, California, in the ordinary course of business.

**For Defendants**
James V. Fitzgerald, III
McNamara, Dodge, Ney, Beatty, Slattery & Pfalzer LLP
1211 Newell Avenue
Walnut Creek, CA 94596
Tel: (925) 939-5330
Fax: (925) 939-0203

I declare under penalty of perjury under the laws of the State of California, and the United States of America, that the foregoing is true and correct and that I am readily familiar with this firm's practice for collection and processing of documents for mailing with the U.S. Postal Service.

Dated: August 20, 2008                   _____
                                          SHANNON M. BOWERS

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131