# EXHIBIT 3

# Deposition of
# ROGER CLARK

## DAY v. COUNTY OF CONTRA COSTA

*Taken On*
*July 31, 2008*

Transcript provided by:

**HUTCHINGS**ˢᴹ
**COURT REPORTERS, LLC**
CSR 649

GLOBAL LEGAL SERVICES

800.697.3210

1   20/20 hindsight to his judgment, are you not?

2       MR. COOK: Objection. Argumentative. Calls for a

3   legal opinion. You can answer.

4       THE WITNESS: No. That was not the way I looked

5   at the case, nor was it the way I believe I wrote the

6   case and the opinion.

7       Clearly Patzer cannot be held to what finally

8   develops at the end of the day.

9       He can only be held responsible for what he knew

10  at the time and evaluated on that basis.

11      And I believe that's exactly what I did in the

12  report.

13      Now, in regard to chasing -- deciding to chase

14  Day, that decision is not -- I didn't render that

15  decision in terms of 20/20 hindsight. They should

16  never had done it.

17      I rendered that decision based on the fact that at

18  that time, and under those circumstances with those

19  sets of facts, no officer would separate from his

20  partner and chase an individual who is fleeing when

21  there are two other suspects in a suspected stolen car;

22  you know, leave that and chase the one; leave two to

23  chase one. It's never done -- and engage in that by

24  himself.

25      And I talk about it as terms of a muscle memory

1  decision; not a hindsight thing but a muscle memory
2  decision.
3       He would have decided that and have been trained
4  in that before he even got out of the Academy at the
5  basic level and would never be expected to do it.
6       MR. FITZGERALD:
7       Q.  Is it your opinion, based on your expertise,
8  that his decision to do what you just described
9  constituted an unconstitutional act on his part?
10      A.  Well, you are asking me a legal question.
11      MR. COOK:  Objection.  The question calls for a
12  legal opinion.  Constitutional law.
13      THE WITNESS:  I think it's -- and I think I
14  expressed it well enough in the report -- hopefully I
15  have -- that it is so -- this is such an extreme and
16  reckless departure from a fundamental rule of tactics,
17  that it can only be viewed as a deliberate act, not
18  accidental.
19      And it has to be viewed in that category
20  because -- and putting -- and it put everyone at risk.
21      And of course we know what the outcome is.  That's
22  the 20/20 hindsight.  We know what the outcome is.
23      But what he did, that decision is just stunning in
24  my opinion.  I can't overstate it.
25      MR. FITZGERALD:

1    Q.   When you use the word "deliberate" what do you
2    mean?
3    A.   I mean that having -- knowing what he was
4    trained in, and probably having the document that has
5    the pages that he looked at in his class -- I would be
6    surprised if they were any different at all -- that for
7    an officer to decide to disregard that training and
8    engage in a solo foot pursuit, has to have fallen in
9    the category of a deliberate decision.
10   Q.   What evidence can you point to in the record
11   that suggests that Officer Patzer made a deliberate
12   decision to disregard that training?
13   A.   Well, now there's an interesting issue
14   because -- and I have criticized it -- the
15   investigation never asked him the question.
16        I looked and I could not find what the overriding
17   decision -- the question would be by any reasonably
18   trained investigator, "Patzer, what made you decide to
19   leave your partner and go after Mr. Day?"  Or go after
20   this little guy, under these circumstances especially,
21   and it was never asked.
22   Q.   Since you brought it up, --
23   A.   Sure.
24   Q.   -- you reviewed Deputy Patzer's deposition,
25   did you not?

1  quote.  Did I read that correctly?
2      A.  Yes.  That's probably the biggest of all of
3  them.
4      Q.  So you are saying that was a fatal error?
5      A.  That it was a fatal error.
6      Q.  And the fact that Patzer pursued Mr. Day by
7  himself was an unconstitutional act?
8      MR. COOK:  Objection.  Calls for speculation.
9  Lacks foundation.  Calls for a legal opinion.  Beyond
10  the scope of what this witness is qualified for.
11      MR. FITZGERALD:
12      Q.  In your opinion when he chased him alone, did
13  that violate Mr. Day's constitutional rights?
14      MR. COOK:  Same objections.
15      THE WITNESS:  I don't think I was hired to say or
16  to opine on the constitutional rights, whether they
17  were violated.
18      But where I am competent is that if a person does
19  something so far out of the norm, that that leads to --
20  and that that starts a series of events, that there's a
21  responsibility there.
22      That's what I'm now -- how that fits into the
23  constitutional question you are asking me, I don't
24  think I can answer in terms of being qualified to
25  answer that kind of question.

```
 1      I, Stephanie Ann Riggs, CSR 12788, RPR, do hereby
        declare:
 2
        That, prior to being examined, the witness named in
 3      the foregoing deposition was by me duly sworn pursuant
        to Section 30(f)(1) of the Federal Rules of Civil
 4      Procedure and the deposition is a true record of the
        testimony given by the witness.
 5
        That said deposition was taken down by me in
 6      shorthand at the time and place therein named and
        thereafter reduced to text under my direction.
 7              _____   That the witness was requested to review
                        the transcript and make any changes to the
 8                      transcript as a result of that review
                        pursuant to Section 30 (e) of the Federal
 9                      Rules of Civil Procedure.

10              _____   No changes have been provided by the witness
                        during the period allowed.
11
                _____   The changes made by the witness are appended
12                      to the transcript.

13              __X__   No request was made that the transcript be
                        reviewed pursuant to Section 30 (e) of the
14                      Federal Rules of Civil Procedure.
        I further declare that I have no interest in the
15      event of the action.

16      I declare under penalty of perjury under the laws
        of the United States of America that the foregoing is
17      true and correct.

18      WITNESS my hand this ___6th___ day of
        __August__, _2008_.
19
        _____
20      Stephanie Ann Riggs, CSR 12788, RPR
21
22
23
24
25
```

97

HUTCHINGS COURT REPORTERS, LLC - GLOBAL LEGAL SERVICES
800.697.3210