JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
J. GARRET DEAL (State Bar No. 249934)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants
COUNTY OF CONTRA COSTA, JOSHUA PATZER and
WARREN RUPF

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAY, individually and as successor in interest to the Estate of Steffen Matthew Day,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF CONTRA COSTA; JOSHUA PATZER; WARREN RUPF, and Does 1 through 50, et al.,<br><br>Defendants. | Case No. C07-4335 PJH<br><br>**DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFFS' PROFFERED EVIDENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION**<br><br>Date:   September 10, 2008<br>Time:   9:00 a.m.<br>Judge:  Hon. Phyllis J. Hamilton<br>Dept:   Courtroom 3, 17th Floor (SF) |

## I. OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S PROFFERED EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

In support of Defendants' Reply Brief, Defendants make the following evidentiary objections and move to strike Plaintiff's proffered evidence in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment/Adjudication per Federal Rules of Evidence ("FRE") 104 and Federal Rule of Civil Procedure 56.

Due to the more extensive evidentiary issues pertaining to Plaintiffs' proffered evidence from their claimed expert Mr. Roger Clark, Defendants have included below, in Section II, a

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

specific points and authorities section on the admissibility of any evidence proffered by Mr. Clark pertaining to this motion.

| Objection Number | Plaintiff's Proffered Evidence | Defendants' Grounds for Objections and Motions to Strike |
|---|---|---|
| 1 | Portions of Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment/Adjudication ("PMPAO"), including any and all references to Deputy Patzer hitting his head on the air conditioning unit. | Defendants' object to this proffered evidence, and move to strike it, on the basis that: (1) This factual information and contention was not disclosed to Defendants in discovery. When Defendants sought from Plaintiff all facts bearing upon the reasonableness of the shooting in written discovery, Plaintiff listed eight facts in support of its contention that the shooting was unreasonable. (See Defendants' MPA, pgs. 12:14-13:15). None of these facts include information that Deputy Patzer may have hit his head on the air conditioning unit as opposed to suffering the head injury from Decedent's blows. Now, Plaintiff attempts to improperly sandbag Defendants with this newly raised factual contention which should be disregarded as it was not disclosed by Plaintiff in his discovery representations to Defendants. Also, any and all evidence submitted by Plaintiff, and/or included in any declaration or other form in opposition to this motion of Defendants pertaining to this issue, should also be stricken and disregarded; (2) Plaintiff is improperly offering opinion testimony here in the form of lay witness testimony, in violation of FRE 701, as such representations are not rationally based on the perception of any witnesses, are not helpful to a clear understanding of the testimony of witnesses or the determination of a fact in issue and is not based upon scientific, technical or other specialized knowledge within the scope of FRE 702; (3) Plaintiff has not properly laid the foundation for such evidence; (4) Such evidence is based upon total speculation and is not supported by any evidence in the record. |

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE
PLAINTIFFS' PROFFERED EVIDENCE IN OPPOSITION TO
DEFENDANTS' MSJ/MSA – C07-4335 PJH

2

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

| 2 | Portions of PMPAO, including any and all references to Deputy Patzer suffering injuries from anything other than the attacks of Decedent. | Defendants' object to this proffered evidence, and move to strike it, on the basis that:<br>(1) This factual information and contention was <u>not disclosed to Defendants</u> in discovery. When Defendants sought from Plaintiff all facts bearing upon the reasonableness of the shooting in written discovery, Plaintiff listed eight facts in support of its contention that the shooting was unreasonable. (See Defendants' MPA, pgs. 12:14-13:15). None of these facts include information that Deputy Patzer may have suffered injuries from impact with bushes or debris as opposed to suffering his injuries from Decedent's blows. Now, Plaintiff attempts to improperly sandbag Defendants with this newly raised factual contention which should be disregarded as it was not disclosed by Plaintiff in his discovery representations to Defendants. Also, any and all evidence submitted by Plaintiff, and/or included in any declaration or other form in opposition to this motion of Defendants pertaining to this issue, should also be stricken and disregarded.<br>(2) Plaintiff is improperly offering opinion testimony here in the form of lay witness testimony, in violation of FRE 701, as such representations are not rationally based on the perception of any witnesses, are not helpful to a clear understanding of the testimony of witnesses or the determination of a fact in issue and is not based upon scientific, technical or other specialized knowledge within the scope of FRE 702;<br>(3) Plaintiff has not properly laid the foundation for such evidence;<br>(4) Such evidence is based upon total speculation and is not supported by any evidence in the record. |
| 3 | Exhibit 3 to the Declaration of Thom Seaton in Opposition to Defendants' Motion for Summary Judgment/Adjudication (Excerpts of Deposition of Roger Clark). | See Section II, below, for exclusionary arguments pertaining to Mr. Clark. |

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE
PLAINTIFFS' PROFFERED EVIDENCE IN OPPOSITION TO
DEFENDANTS' MSJ/MSA – C07-4335 PJH

3

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

| 4 | Exhibit 4 to the Declaration of Thom Seaton in Opposition to Defendants' Motion for Summary Judgment/Adjudication (Transcript of Audiotaped Interview of Patzer) | Defendants' object to this proffered evidence, and move to strike it, on the basis that: (1) Plaintiff has not properly authenticated or laid the foundation for such evidence, in violation of FRE 901 et seq. and Ricketts v. City of Hartford (2nd Cir. 1996) 74 F.3d 1397, 1407; (2) The original tape has not been introduced and/or provided to the Court for evaluation, in violation of the original document rule of FRE 1002. (3) Such evidence pertains to the interpretation of words and statements on an audio recording and, therefore, its trustworthiness and accuracy have not been demonstrated and/or verified by Plaintiff. |
| 5 | Exhibit 5 to the Declaration of Thom Seaton in Opposition to Defendants' Motion for Summary Judgment/Adjudication (Criminalistics portion of Police Report) | Defendants' object to this proffered evidence, and move to strike it, on the basis that: (1) Plaintiff has not properly authenticated or laid the foundation for such evidence, in violation of FRE 901 et seq. and Ricketts v. City of Hartford (2nd Cir. 1996) 74 F.3d 1397, 1407; (2) such evidence is also hearsay without an exception and hearsay within hearsay in violation of Federal Rule of Evidence ("FRE") 800 et seq. as Plaintiff is offering this document for the truth of the matters asserted therein. |
| 6 | Exhibit 6 to the Declaration of Thom Seaton in Opposition to Defendants' Motion for Summary Judgment/Adjudication (Transcript of Audiotaped Interview of Sgt. Gary Clark) | Defendants' object to this proffered evidence, and move to strike it, on the basis that: (1) Plaintiff has not properly authenticated or laid the foundation for such evidence, in violation of FRE 901 et seq. and Ricketts v. City of Hartford (2nd Cir. 1996) 74 F.3d 1397, 1407; (2) such evidence is also hearsay without an exception and hearsay within hearsay in violation of Federal Rule of Evidence ("FRE") 800 et seq. as Plaintiff is offering this document for the truth of the matters asserted therein. This is actually multiple hearsay as it contains the type written statement of the audiotaped interview with Clark (Hearsay #1), the statement from Clark to the interviewers (Hearsay #2), and the alleged statement(s) from Deputy Patzer to Clark (Hearsay #3). This multiple hearsay shows its inherent unreliability. (3) The original tape has not been introduced |

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE
PLAINTIFFS' PROFFERED EVIDENCE IN OPPOSITION TO
DEFENDANTS' MSJ/MSA – C07-4335 PJH

4

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

| | | | |
|---|---|---|---|
| | | | and/or provided to the Court for evaluation, in violation of the original document rule of FRE 1002.<br>(4) Such evidence pertains to the interpretation of words and statements on an audio recording and, therefore, its trustworthiness and accuracy have not been demonstrated and/or verified by Plaintiff. |
| 7 | | Exhibit 7 to the Declaration of Thom Seaton in Opposition to Defendants' Motion for Summary Judgment/Adjudication (One Page Portion of Pittsburg Police Department Report pertaining to the incident) | Defendants' object to this proffered evidence, and move to strike it, on the basis that:<br>(1) Plaintiff has not properly authenticated or laid the foundation for such evidence, in violation of FRE 901 et seq. and Ricketts v. City of Hartford (2nd Cir. 1996) 74 F.3d 1397, 1407;<br>(2) such evidence is also hearsay without an exception and hearsay within hearsay in violation of Federal Rule of Evidence ("FRE") 800 et seq. as Plaintiff is offering this document for the truth of the matters asserted therein. This is actually multiple hearsay as it contains the Pittsburg Police Department summary of portions of the interview with Clark (Hearsay #1), the statement from Clark to the interviewers (Hearsay #2), and the alleged statement(s) from Deputy Patzer to Clark (Hearsay #3). This multiple hearsay shows its inherent unreliability. |
| 8 | | Declaration of Roger Clark in Opposition to Defendants' Motion for Summary Judgment/Adjudication | See Section II, below, for exclusionary arguments pertaining to Mr. Clark. |
| 9 | | Exhibit 1 to the Declaration of Roger Clark in Opposition to Defendants' Motion for Summary Judgment/Adjudication (curriculum vitae of Clark) | See Section II, below, for exclusionary arguments pertaining to Mr. Clark. |
| 10 | | Exhibit 2 to the Declaration of Roger Clark in Opposition to Defendants' Motion for Summary Judgment/Adjudication (Clark's Rule 26 report) | See Section II, below, for exclusionary arguments pertaining to Mr. Clark. |

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE
PLAINTIFFS' PROFFERED EVIDENCE IN OPPOSITION TO
DEFENDANTS' MSJ/MSA – C07-4335 PJH

5

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

| 11 | Declaration of Archie Gore and Exh. 1 (sketch) thereto in Opposition to Defendants' Motion for Summary Judgment/Adjudication | Defendants' object to this proffered evidence, and move to strike it, on the basis that: (1) Plaintiff has not properly authenticated or laid the foundation for such evidence, in violation of FRE 901 et seq. and Ricketts v. City of Hartford (2nd Cir. 1996) 74 F.3d 1397, 1407, as there has been no showing by Plaintiff that Mr. Gore visited the site of the shooting, when such visit occurred, whether or not the site was in the same or similar condition as the night of the shooting incident, and/or whether Mr. Gore simply relied upon numerous police diagrams to come up with such a sketch. The declaration only states that it was "accurately configured as to its North/South orientation," but it does not make any representation as to the accuracy of the sketch or measurements overall; (2) Mr. Gore is improperly offering opinion testimony as a lay witness, in violation of FRE 701, as such representations are not rationally based on the perception of Mr. Gore, not helpful to a clear understanding of his testimony or the determination of a fact in issue and is not based upon scientific, technical or other specialized knowledge within the scope of FRE 702; (3) such evidence is also hearsay without an exception and hearsay within hearsay in violation of Federal Rule of Evidence ("FRE") 800 et seq. as Plaintiff is offering this document for the truth of the matter asserted, namely the site conditions and measurements, by one of his hired consultants. |
| 12 | Declaration of Sonja Martin in Opposition to Defendants' Motion for Summary Judgment/Adjudication. | Defendants' object to this proffered evidence, and move to strike it, on the basis that: (1) This information was not disclosed to Defendants in discovery. In fact, Plaintiff represented to Defendants in discovery that "Neighbors did not see or hear any fights between Patzer and the decedent." Defendants' MPA, pgs. 12:14-13:15 (see specifically pg. 13:8). Now, Plaintiff attempts to improperly sandbag Defendants with these manufactured and speculative declarations which should be disregarded as they contradict Plaintiff's discovery representations to Defendants. (2) Ms. Martin is not competent to make such |

| | | | |
|---|---|---|---|
| | | | representations in her declaration as she did not witness the subject incident and has not demonstrated sufficient evidence of personal knowledge, in violation of FRE 602;<br>(3)   There is no proper foundation laid by Plaintiff that Ms. Martin has previously heard someone running into an air conditioning unit and therefore, knew what that sounded like;<br>(4) Ms. Martin is improperly offering opinion testimony as a lay witness, in violation of FRE 701, as such representations are not rationally based on the perception of Ms. Martin, not helpful to a clear understanding of her testimony or the determination of a fact in issue and is not based upon scientific, technical or other specialized knowledge within the scope of FRE 702;<br>(5) Such evidence is also hearsay without an exception and hearsay within hearsay in violation of Federal Rule of Evidence ("FRE") 800 et seq. as Plaintiff is offering this document for the truth of the matter asserted, namely that Ms. Martin heard someone run into the air conditioning unit.<br>(6) Such evidence has also not been properly authenticated as a condition precedent to admissibility, per FRE 901;<br>(7) Such evidence is based upon pure speculation and guesswork. |
| 13 | Declaration of Henry Martin in Opposition to Defendants' Motion for Summary Judgment/Adjudication | | Defendants' object to this proffered evidence, and move to strike it, on the basis that:<br>(1) This information was not disclosed to Defendants in discovery. In fact, Plaintiff represented to Defendants in discovery that "Neighbors did not see or hear any fights between Patzer and the decedent." Defendants' MPA, pgs. 12:14-13:15 (see specifically pg. 13:8). Now, Plaintiff attempts to improperly sandbag Defendants with these manufactured and speculative declarations which should be disregarded as they contradict Plaintiff's discovery representations to Defendants.<br>(2) Mr. Martin is not competent to make such representations in his declaration as he did not witness the subject incident and has not demonstrated sufficient evidence of personal knowledge, in violation of FRE 602; |

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP<br>ATTORNEYS AT LAW<br>P.O. BOX 5288, WALNUT CREEK, CA 94596<br>TELEPHONE: (925) 939-5330

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE<br>PLAINTIFFS' PROFFERED EVIDENCE IN OPPOSITION TO<br>DEFENDANTS' MSJ/MSA – C07-4335 PJH

7

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

| | | |
|---|---|---|
| | | (3) There is no proper foundation laid by Plaintiff that Mr. Martin has previously heard someone running into an air conditioning unit and therefore, knew what that sounded like;<br>(4) Mr. Martin is improperly offering opinion testimony as a lay witness, in violation of FRE 701, as such representations are not rationally based on the perception of Mr. Martin, not helpful to a clear understanding of his testimony or the determination of a fact in issue and is not based upon scientific, technical or other specialized knowledge within the scope of FRE 702;<br>(5) Such evidence is also hearsay without an exception and hearsay within hearsay in violation of Federal Rule of Evidence ("FRE") 800 et seq. as Plaintiff is offering this document for the truth of the matter asserted, namely that Mr. Martin heard someone run into the air conditioning unit.<br>(6) Such evidence has also not been properly authenticated as a condition precedent to admissibility, per FRE 901;<br>(7) Such evidence is based upon pure speculation and guesswork. |

## II. OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S PROFFERRED EXPERT ROGER CLARK AND RELATED EVIDENCE

### A. INTRODUCTION

Defendants make the following additional evidentiary objections and move to strike Plaintiff's proffered evidence in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment and/or Adjudication relating to claimed expert Roger Clark ("Clark"), namely Clark himself, his opinions, his deposition testimony, his declaration in opposition to Defendants' motion, his curriculum vitae and Rule 26 report. In short, it has not been shown that Clark is qualified as an expert in the claimed field of "police procedures" (if there is any such field of expertise). As seen below, Clark has been out of law enforcement since 1993, has never been retained to provide training for any law enforcement agency and has never been retained by any law enforcement agency as a consultant. (See generally Exh. B). He is a "Plaintiff" expert only. Further, Clark cannot set forth opinions based on speculation or related to ultimate

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE
PLAINTIFFS' PROFFERED EVIDENCE IN OPPOSITION TO
DEFENDANTS' MSJ/MSA – C07-4335 PJH

8

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1 questions of liability or legal conclusions. In addition, should Clark's submitted evidence be

2 considered by the Court (excluding Clark's patently improper speculation and legal conclusions),

3 such evidence does not create a genuine issue of material fact as to whether Deputy Patzer

4 violated Decedent's constitutional rights to defeat Defendants' motion for summary judgment.

5 **B.    LEGAL ARGUMENTS**

6 1. Clark is Not Qualified to Testify as an Expert in "Police
Procedures"

8 Simply because Clark had been a peace officer in California for a period of time does not

9 qualify him to testify as an expert in "Police Procedures." Plaintiff largely rests his opposition

10 arguments on the conclusions and opinions of Clark, claiming this "evidence" establishes a

11 genuine issue or issues of material fact precluding summary judgment. Plaintiff asserts Clark is

12 an "expert on police procedures." (See Plaintiff's Opposition ("Opp."), pg. 4:23; See also Clark

13 Decl., ¶ 1 ("I am a Police Procedures Consultant retained by Plaintiff in this action.")). However,

14 Clark is not qualified as an expert in "police procedures" as he claims.

15 Initially, it has been stated that there is no such field of expertise as "police policies and

16 practices" or "police procedures" as Clark claims as his expertise. Berry v. City of Detroit, 25

17 F.3d 1342, 1352 (6th Cir. 1994). The Berry Court stated that these terms are so broad as to be

18 devoid of any meaning, equating such breadth to an attorney declaring himself to be an expert in

19 the "law." Id. In that vein, as there has been no showing of a field of expertise of "police

20 procedures," Clark cannot be qualified as such in this matter to render an expert opinion.

21 Secondly, before expert testimony may be offered, the expert must be shown to have the

22 requisite "knowledge, skill, experience, training, or education" about the subject involved. FRE

23 702; Friendship Heights Associates v. Vlastimil Koubek, A.I.A. (4th Cir. 1986) 785 F.2d 1154,

24 1159; Harris v. Steelweld Equip. Co. Inc. (8th Cir. 1989) 869 F.2d 396, 401-402 (proper for court

25 to prohibit witness' testimony as expert until he was qualified). The key factor is whether or not

26 the witness has "sufficient" knowledge, skill or experience in the field so that his or her testimony

27 would be likely to assist the jury in its search for the truth. Walker v. Soo Line R.R. Co. (7th Cir.

28 2000) 208 F.3d 581, 590.

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Whether a witness is qualified as an expert is a threshold question for the court. FRE 104(a); Deputy v. Lehman Bros., Inc. (7th Cir. 2003) 345 F.3d 494, 508-509. That "gatekeeping" function of the Court is to ensure that an expert's testimony rests both on a reliable foundation and is relevant to the task at hand. Daubert v. Merrell Dow Pharmaceuticals, Inc. (1993) 509 U.S. 579, 592. Reliability relates to the soundness of the expert's methodology and the Court may exclude testimony that falls short of such a showing. Stilwell v. Smith & Nephew, Inc. (9th Cir. 2007) 482 F.3d 1187, 1192. In all cases where expert testimony is offered, the trial judge must find that the testimony is "properly grounded, well-reasoned and not speculative before it can be admitted." FRE 702, Advisory Committee Notes (2000).

Here, Plaintiff, who has the burden to do so,  has not sufficiently identified the background, training, education and experience of Clark to adequately qualify him as an expert in this matter, nor can he if given a chance. Though Clark has been a police officer in the past and has held various positions in that regard, he cannot demonstrate that he maintains the requisite sufficient knowledge, skill, experience, training, or education about the subject involved, namely the use of deadly force in an emergency situation. To attempt to qualify Clark as an expert, Plaintiff simply provides some limited information via Clark's declaration and then attaches Clark's curriculum vitae and Rule 26 report as exhibits.[1] In his declaration, Clark simply declares that:

- He worked in the Los Angeles County Sheriff's Office for 27 years. (Clark Decl. ¶ 3).

- During his career in the Sheriff's Office, he held the ranks of Deputy Sheriff, Sergeant, and Lieutenant. Id.

- He was a patrol officer, field supervisor, jail watch commander and administrator, station

---

[1] Plaintiff's act in simply attaching Clark's curriculum vitae ("CV") to try to demonstrate Clark's potential expertise is fatal to qualifying Clark as an expert. Initially, Plaintiff needs to provide admissible evidence of Clark's knowledge and experience to attempt to qualify him as a potential expert and cannot simply rely upon the inclusion of a CV without providing admissible evidence of such. The curriculum vitae is also clearly hearsay, without an exception, in violation of FRE 800 et seq. so should be disregarded on that basis also and has arguably not been properly authenticated by Plaintiff in violation of FRE 901.

Further, Clark's Rule 26 report is also hearsay, without an exception, in violation of FRE 800 et seq. so cannot be considered by this Court. Plaintiff also failed to properly lay the foundation for the admission of such report per FRE 901. Evidence of Clark's opinions, if considered, can only be considered via his declaration, not his Rule 26 report, which is not evidence.

1    watch commander and commanding officer of investigative units. (Clark Decl. ¶ 4).

2    • During his career in the Sheriff's Office, he was a field training officer in patrol and he
3    trained new officers in patrol procedures, field investigations, apprehension techniques
     and emergency procedures. Id.

4    With that, Plaintiff holds Clark out to be an expert in "police procedures." (Opp. pg.

5    4:23).  Looking more closely at Clark's history, it is clear he does not have the requisite

6    knowledge, skill, experience, training, or education to be qualified as an expert in relation to this

7    matter.

8    In *Deocampo v. City of Vallejo* (Case No. 06-02183, Eastern District of California), a case

9    where Clark recently offered "expert" testimony regarding allegations of excessive force, Clark

10   testified as to the following facts that cast serious doubt on his purported qualifications as an

11   expert in this Day case:

12   • Has never authored or published any books on police work. (Depo. of Roger Clark
13   in Deocampo, pg. 119, attached as **Exhibit A** to Declaration of James V. Fitzgerald,
     III, filed herewith (all exhibits are attached to such declaration);

14   
15   • Has never written any published materials regarding the use of force or field tactics.
     (Id.);

16   • Has not taught a class on anything related to the use of force since 1993. (Id. at pg.
     120);

17   
18   • Has never taught a class on homicide investigations. (Id.);

19   • Has never been a firearms instructor. (Id.);

20   • Has never conducted a background investigation. (Id.);

21   • Has never taught any classes in the use of a baton. (Id. at pg. 127);

22   • Has never taught a class regarding the use of any defensive tactics. (Id)

23   Given Clark's non-existent writing and publication experience, coupled with the fact that

24   he has not taught a class related to the use of force since 1993, some 15 years ago and 13 years

25   since the date of the incident, he can hardly be declared to be qualified as an expert on all matters

26   related to "police procedures," let alone the principal issue in this case (*i.e.*, the use of deadly

27   force in response to an aggressive, violent suspect).  Further, Clark has never taught a class

28   regarding the use of defensive tactics or been a firearms instructor, but tries to qualify here as an

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    expert to evaluate the defensive tactics and use of a firearm by Deputy Patzer.  It should also be

2    noted that Clark has **never** been retained by a law enforcement agency to do any training or act as

3    a consultant, an evident bias that further prevents Clark from qualifying as an expert in this

4    matter.  (See **Exhibit B**, Deposition Testimony of Clark in *Bauer v. City of Vallejo*, Case No. 06-

5    00549, Eastern District of California, pg. 58:14-23).

6         In addition, one glaring admission by Clark which highlights his lack of fitness to qualify

7    as an expert here is his recent testimony that the seminal use of force case of Graham v. Connor,

8    490 U.S. 386, 397 (1989,) did not have a significant impact on the evaluation of police use of

9    force cases.  (See **Exhibit C**, Clark Deposition in Day case, pgs. 18-19).  As the Court is well

10   aware, this is clearly wrong and demonstrates Clark's ineptitude as an expert in this purported

11   field.  The Graham case established the "objective reasonableness" standard in that use of force

12   cases would be evaluated by looking at the totality of the circumstances from the perspective of a

13   reasonable officer and evaluating the objective factors in determining whether or not the use of

14   force was proper.  Graham, at 396-397.  Prior to Graham, the standard was a "subjective"

15   standard, in other words, the use of force would be judged from the mindset and view of the

16   actual officer involved, not a reasonable officer in the officer's shoes.  It is clear that such a

17   "subjective" standard is the **opposite** of the Graham objectively reasonable standard established

18   in 1989, which is the current state of the law and the law to be applied to the facts in the case at

19   hand.  Clark's failure to recognize this watershed change in the law in relation to the use of force,

20   in addition to the other factors outlined above, casts strong and serious doubts on his

21   qualifications as an expert in evaluating the use of force by law enforcement.

22        All in all, Plaintiff has not established Clark's requisite sufficient knowledge, skill,

23   experience, training, or education in the field of the use of force by law enforcement to satisfy the

24   requirements of FRE 702 to qualify Clark as an expert.  As Plaintiff has not met this initial

25   burden, any and all evidence proffered from Clark should be stricken as Clark cannot properly

26   qualify as an expert in this matter.

27

28        / / /

2.  Should the Court Find Clark Qualified to Offer Expert Opinions, Many of Clark's Opinions are Subject to Being Stricken as Based Upon Speculation or Improperly Based Upon Legal Conclusions

Should Plaintiff be able to overcome the total lack of qualifications of Clark in this matter, many of Clark's opinions should be stricken as based upon speculation and/or are related to ultimate questions of liability or legal conclusions which is improper.

a.  Speculative Testimony of Clark Should Be Stricken

Again, speculative testimony should not be admitted." FRE 702, Advisory Committee Notes (2000). Expert opinions are excludable as unhelpful if based on speculative assumptions or unsupported by the record. McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Here, much of Clark's expert testimony in his declaration, which is the only potential evidence to be evaluated by the Court should Clark be qualified to render expert opinions (see Footnote 1), is based solely on pure speculation which should be stricken outright. The following citations from his declaration are testimonial examples that reflect pure speculation and should be deemed inadmissible:

1.  "the absence of information that Day, if not apprehended, posed a risk of serious physical harm to anyone." (Clark Declaration, pg. 4:23-25);

2.  "Day's death would not have occurred but for Patzer's pursuit." (Id., pg. 5:3-4);

3.  "the decision to pursue Steffen Day carried with it the strong probability that serious physical harm or death would result." (Id., pg. 5:5-6);

4.  "Deputy Patzer had not sustained serious physical harm and was not under threat of serious physical harm or death when he used deadly force against the unarmed Steffen Day, but instead, acted from an unwarranted and unsupportable subjective fear." (Id., pg. 5:9-12);

5.  "His [Deputy Patzer] admitted exhaustion and panicked state observed by Henry Martin, who observed him immediately after the shooting is inconsistent with a deputy who lacked sufficient sleep to make clear headed proper decisions and who may have subjectively believed he was under a threat when severe harm when (sic), objectively, he was not." (Id., pg. 5:18-22);

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

6. "the photographs [of Deputy Patzer] do not depict a person who has sustained serious, much less life-threatening, physical harm or injury. Discounting the bump on the head, there is no evidence whatever that prior to the shooting, Steffen Day inflicted physical harm or injury to Deputy Patzer." (Id., pg. 6:15-19);

7. "that Deputy Patzer stood between Steffen Day and the gate when he shot Day; and that Day was moving toward the gate when Deputy Patzer shot him. To successfully flee through the open gate, Day would have had to run by or into Deputy Patzer." (Id., pg. 6:22-25);

8. "As I testified in my deposition, it appears that the immediate event which precipitated the shooting was the contact between Deputy Patzer and the air conditioner. * * * Believing that Steffen Day's confederates had escaped from his fellow Deputy and that he was thus surrounded, Deputy Patzer shot Steffen Day." (Id., pgs. 6:27-7:1; 7:4-6);

9. "As I have explained, it does not appear that Steffen Day caused any serious physical harm to Deputy Patzer. The bruises the Deputy sustained likely occurred when he hit the air conditioner; when he ran through the bushes; by the fall through the gate; and when he stumbled and pushed his arm through the debris in the yard as he tried to get up. Even assuming Day struck him in the head, other than that one punch, Patzer only sustained glancing blows which caused no damage." (Id., pgs. 7:11-16);

None of these statements are grounded in fact or the admissible evidence submitted by Defendants. Instead, these statements all relate to what amounts to guesswork by Clark about things that could or could not have occurred in relation to the incident or in relation to the future, which is total and utter speculation by Clark. Clark's attempt to offer opinions about what "appeared" to or "likely" happened and opinions about possible future events should be stricken here as total inadmissible conjecture. Clark's guesswork goes so far as to almost suggest to the undersigned, and perhaps the Court, that he was present at the time of the shooting, which was obviously not the case.

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE          14
PLAINTIFFS' PROFFERED EVIDENCE IN OPPOSITION TO
DEFENDANTS' MSJ/MSA – C07-4335 PJH

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   To further illustrate these points, in Number 1 above, Clark guesses about whether or not

2   Day was a future risk of harm to anyone.  In Numbers 2 and 3 above, Clark boldly predicts that

3   the foot pursuit of Decedent carried with it the strong probability that serious physical harm or

4   death would result to Decedent.  In Numbers 4 and 6, though not a doctor or medical expert,

5   Clark speculates that Deputy Patzer had not sustained serious physical harm and was not under

6   threat of serious physical harm or death at the time of the shooting.  In Number 5, Clark

7   apparently holds himself out as a sleep deprivation expert and medical expert to speculate about

8   such matters as the interpretation of the actions of Deputy Patzer, actions he never personally

9   witnessed.  In Number 7, Clark speculates about the positions and movements of Deputy Patzer

10  and Decedent and then tries to guess that Decedent would have had to run by or into Deputy

11  Patzer to flee.   In Number 8, Clark speculates about the event which "appears" to have

12  immediately precipitated the shooting, though he was not present during the event and though

13  such a representation is directly contradicted by Deputy Patzer's testimony, the only available

14  evidence on the issue.  In Number 9, Clark again attempts to render speculative medical opinions

15  and then goes on to make unsupported deductions about how Deputy Patzer's injuries "likely"

16  occurred.   These pointed examples about the patently inadmissible speculative testimony of

17  Clark, where he attempts to reach far outside of his claimed expertise and knowledge, should be

18  summarily stricken.

19          b.      Testimony of Clark On the Ultimate Questions of Liability
                    and/or Legal Conclusions Should Be Stricken

20

21          In addition to the litany of inadmissible speculative testimony offered by Clark, Clark also

22  attempts to improperly offer testimony pertaining to the ultimate questions of liability and legal

23  conclusions, invading the province of the trier of fact.  It is settled that expert testimony that

24  relates to legal conclusions or ultimate questions of liability are to be stricken and deemed

25  inadmissible.  Although an expert's opinion may embrace an ultimate issue to be decided by the

26  trier of fact, the issue must be a factual one.  See FRE 704(a).  He may not testify as to the

27  ultimate question of liability.  Berry v. City of Detroit, 25 F.3d 1342, 1353 (6th Cir. 1994).  As an

28  example, the Berry Court emphasized that:

MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1

"We would not allow a fingerprint expert in a criminal case to opine that a defendant was guilty (a legal conclusion), even though we would allow him to opine that the defendant's fingerprint was the only one on the murder weapon (a fact). The distinction, although subtle, is nonetheless important."

Id. See also U.S. v. Schatzle, 901 F.2d 252, 257 (2nd Cir. 1990) (Trial court properly excluded expert's opinion on the "reasonableness" of police officer's use of force since the jury was capable of assessing the reasonableness of officer's conduct on its own).

Here, Clark's testimony, as pointed out below, is simply that of a former police officer testifying that Deputy Patzer violated Decedent's constitutional rights, which is patently improper. Clark improperly offers legal conclusions designed to inform the trier of fact as to which conclusion it should reach. Examples of such testimony, which should be stricken, are as follows:

- Deputy Patzer ("Patzer") made a "fatal error" in deciding to pursue decedent, Steffan Day ("Day") alone on a night which Patzer described as "very dark." (Clark Decl. ¶ 7);

- The term "fatal error" describes a deliberately reckless and dangerous action. Id.

- Patzer's decision to pursue Day can only be viewed as deliberately reckless and dangerous and an act directed connected to the shooting death of Steffen Day. (Clark Decl. ¶ 9);

- **Patzer's use of deadly force was objectively unreasonable.** (Clark Decl. ¶ 10);

- Even if Day had punched Patzer in the head, **Patzer's use of deadly force was still objectively unreasonable**. (Clark Decl. ¶ 15);

- Evidence that Patzer may have struck his head on an air conditioning unit makes his use of deadly force even more unreasonable and unsupportable. Id.

- Any fear that Patzer possessed cannot be considered objectively reasonable justifying the use of deadly force. (Clark Decl. ¶ 18); and

- ***Patzer's shooting of Day was completely unjustified and not objectively reasonable***. (Clark Decl. ¶ 20, (Emphasis added)).

As is evident, Clark's conclusory opinions contained in his declaration are crafted to try to establish that Deputy Patzer violated the legal standard governing peace officers' use of force, i.e., the "objective reasonableness" test set forth in Graham v. Connor, 490 U.S. 386, 388 (1989). In other words, Clark's testimony that Deputy Patzer's conduct was objectively unreasonable is clearly improper and should be stricken. Clark also improperly opines about causation between

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

facts and the shooting incident and attempts to define legal terms. It is the Court's responsibility, not an expert's, to define legal terms for the jury. Moreover, expert testimony expressing a legal opinion must be excluded in federal trial courts:

> Even if a jury were not misled into adopting outright a legal conclusion proffered by an expert witness, the testimony would remain objectionable by communicating a legal standard -- explicit or implicit -- to the jury. Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge in the function of instructing the jury . .
>
> Far more troubling, [the expert] testified that [the officer's] conduct was 'not justified under the circumstances,' not 'warranted under the circumstances,' and 'totally improper.' We have held that an expert's testimony that a defendant was 'negligent' should not have been allowed. <u>We see no significant distinction in [the expert's] conclusory condemnations of [the officer's] actions here, which, in the language of the advisory committee, 'merely [told] the jury what result to reach</u>.

<u>Hygh v. Jacobs</u>, 961 F.2d 359, 364 (2nd Cir. 1992) (emphasis added).

If the rule were other than that indicated by the <u>Hygh</u> Court, there would no doubt soon breed a whole new category of "liability experts" whose function would be to tell the jury what result to reach, exactly what Clark is trying to do here. It is the responsibility of the Court, not testifying witnesses, to define legal terms. Also, it is the responsibility of the trier of fact, not testifying experts, to determine whether or not liability can be found. <u>Berry v. City of Detroit</u>, 25 F.3d 1342, 1353 (6th Cir. 1994). Such testimony of Clark is in direct violation of the FRE and settled federal authorities. **<u>Given Clark's proffered testimony in opposition to Defendants' motion for summary judgment, it is astonishing that Clark admitted in his deposition in this case that he could not offer an expert opinion on whether or not Deputy Patzer's actions were constitutional, admitting that such an opinion was a legal conclusion that he was not qualified to offer.</u>** (<u>See</u> Exhibit C, pgs. 22-23, 54-57, 65-66). Clark should have heeded his own testimony to refrain from offering inadmissible legal conclusions under the guise of factual

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  opinions.[2] Plaintiff's attempt to create a genuine issue of a material fact by offering Clark's <u>legal</u>

2  <u>conclusions</u> is clearly improper, subject to exclusion and cannot defeat Defendants' motion for

3  summary judgment.

3.  <u>Even If Clark's Opinions Are Accepted, They Do Not Demonstrate</u>
<u>Any Genuine and Material Factual Dispute as to Any Alleged</u>
<u>Constitutional Violation</u>

6  Even if the Court somehow accepts Clark's improper speculative testimony and legal

7  conclusions, admission of such evidence still does not demonstrate any genuine issue of material

8  fact to defeat Defendant's motion. In essence, Clark's opinions boil down to testimony that

9  Deputy Patzer used bad or negligent tactics which lead directly to the shooting of Decedent.

10  These opinions cannot defeat Defendants' meritorious evidentiary motion.

11  First of all, the simple fact that an "expert" disagrees with the officer's actions does not

12  render the officer's actions unreasonable. <u>Billington v. Smith</u>, 292 F.3d 1177, 1189 (9th Cir.

13  2002), citing <u>Reynolds v. County of San Diego</u>, 84 F.3d 1162, 1170 (9th Cir. 1996). In other

14  words, Plaintiff cannot avoid summary judgment by simply producing an expert's report that an

15  officer's conduct leading up to a deadly confrontation was imprudent, inappropriate or even

16  reckless. <u>Id</u>. Rather, the Court must decide as a matter of law whether a reasonable officer could

17  have believed that his conduct was justified. <u>Id</u>.

18  Secondly, it is settled in the Ninth Circuit that though there can be consideration of the

19  events leading up to a shooting, Plaintiff cannot establish a 4th Amendment violation based

20  merely on bad tactics that result in a deadly confrontation that could have been avoided.

21  <u>Billington</u>, at 1190. <u>Negligent acts do not incur constitutional liability</u>. <u>Id</u>. (emphasis added).

22  Further, even if an officer intentionally or recklessly provokes a violent confrontation or response,

23  **unless** that provocation is an <u>independent constitutional violation</u>, it cannot transform such a

24  situation into a 4th Amendment violation. <u>Id</u>. at 1190-1191. (emphasis added).

25  Like the alleged tactical errors in <u>Billington</u> that were rejected, none of Deputy Patzer's

26  claimed errors could be deemed intentional or reckless, much less unconstitutional provocations

---

27  [2] Clark is also not allowed to render opinions using words having specialized legal meanings, such as objectively
reasonable, deliberate, reckless and gross negligence. <u>Woods. v. Lecureux</u>, 110 F.3d 1215, 1219-1220 (6th Cir.
1997).

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  that caused Decedent to attack him to the point where he had to deploy deadly force. Looking at

2  Clark's criticisms of Deputy Patzer's tactics leading to the incident, it is clear that none of them

3  rise to the level of an independent constitutional violation. Instead, all of Clark's opinions relate

4  to a "20/20 vision of hindsight" that Graham found must be disregarded. Graham, at 396.

5      For example, Clark opines that it was a "fatal error" for Deputy Patzer to not wait for his

6  computer to give him a status update on the Mustang vehicle before leaving the patrol car and it

7  was a "fatal error" for Deputy Patzer to pursue Decedent alone that dark night.[3]  He also opines

8  that it was gross negligence for Deputy Patzer to fail to notify dispatch of the situation or call in

9  other units to coordinate a containment operation and for failing to use other, less lethal methods

10 during the struggle. Though these hindsight criticisms may allow Clark to prove his worth to his

11 client, Plaintiff, they do not demonstrate independent constitutional violations to create a 4th

12 Amendment violation per Billington. Rather, Clark's retrospective evaluation of claimed poor

13 tactics by Deputy Patzer is nothing more than masked 20/20 hindsight which Graham commands

14 is to be ignored. Clark's criticisms perhaps raise questions of potential negligence, but they do

15 not show a violation of the 4th Amendment (and without any 4th Amendment violation, Plaintiff

16 cannot prove state law negligence or intent based claims in use of force cases as cited in the

17 Defendants' moving papers and conceded by Plaintiff in his opposition). Clark's criticisms are

18 not themselves violations of the 4th Amendment and thus, cannot form the basis of liability for the

19 shooting of Decedent. Therefore, assuming Clark's speculative and conclusory opinions are

20 considered by the Court, Plaintiff still cannot defeat Defendants' motion for summary judgment

21 on this basis.

## III. CONCLUSION

23     All in all, much, if not all, of Plaintiff's proffered evidence is subject to being stricken on

24 the numerous grounds raised above. More specifically, it has been clearly demonstrated that

25 Clark is not qualified as an expert, if he can qualify as an expert, his speculative opinions and

[3] As yet another inconsistency for Clark, while he was a police officer, he was involved in a shooting incident where he left his partner's side and then was involved in a shooting of a suspect. (Exh. C, pgs. 91-94). To no surprise, Clark contends that this tactic was proper, though he now attempts to argue that the same such tactic of Deputy Patzer was a "fatal" error. This clear contradiction casts further doubt on Clark's opinions as he, himself, separated from his partner and was involved in a shooting, a similar issue he is contending was faulty by Deputy Patzer.

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   liability conclusions should be totally disregarded by the Court.  Should the Court consider

2   Clark's questionable opinions, such opinions regarding poor tactics by Deputy Patzer do not

3   constitute independent constitutional violations so have not been shown to be a 4th Amendment

4   violation.  In sum, Plaintiff's evidence fails to demonstrate a genuine factual issue relating to any

5   material fact, entitling Defendants to summary judgment.

6

7   Dated:  August 27, 2008          MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
                                     PFALZER, BORGES & BROTHERS LLP
8

9

10  By: _____
                                     James V. Fitzgerald, III
11                                   Noah G. Blechman
                                     J. Garret Deal
12                                   Attorneys for Defendants
                                     COUNTY OF CONTRA COSTA, JOSHUA PATZER,
                                     and WARREN RUPF
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE          20
PLAINTIFFS' PROFFERED EVIDENCE IN OPPOSITION TO
DEFENDANTS' MSJ/MSA – C07-4335 PJH