JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
COUNTY OF CONTRA COSTA, JOSHUA PATZER and
WARREN RUPF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAY, individually and as successor in interest to the Estate of Steffen Matthew Day,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF CONTRA COSTA; JOSHUA PATZER; WARREN RUPF, and Does 1 through 50, et al.,<br><br>Defendants. | Case No. C07-4335 PJH<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF OBJECTIONS AND MOTION TO STRIKE PLAINTIFFS' PROFFERED EVIDENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION**<br><br>Date:   September 10, 2008<br>Time:   9:00 a.m.<br>Judge:  Hon. Phyllis J. Hamilton<br>Dept:   Courtroom 3, 17th Floor (SF) |

Defendants' hereby provide the following Reply Brief in support of their objections and motion to strike Plaintiff's proffered evidence in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment/Adjudication per Federal Rules of Evidence ("FRE") 104 and Federal Rule of Civil Procedure 56.

### I. INTRODUCTION

Plaintiff's apparent desperation to attempt to rectify evidentiary shortcomings in relation to his opposition to Defendants dispositive motion is insufficient to rebut Defendants' objections and motions to strike Plaintiff's proffered evidence. Overall, Plaintiff fails to sufficiently oppose

Defendants objections, mandating that the Court should strike such objectionable evidence in relation to the consideration of Defendants' meritorious motion for summary judgment. In addition, though Defendants stand on their pointed objections in their moving papers, Defendants need to clarify several key points per issues raised in Plaintiff's opposition to this motion to strike.

Initially, Plaintiff's clear failure to provide basic factual contentions to Defendants in discovery regarding issues pertaining to claimed injuries of Deputy Patzer and in relation to the Martin's contentions bars Plaintiff from relying upon such evidence to oppose Defendants' motion for summary judgment. Secondly, in relation to the claimed admission of Deputy Patzer of hitting the air conditioner with his head per Sgt. Clark's statements, Plaintiff has failed to overcome the multiple layers of hearsay and has not sufficiently shown how Plaintiff's discovery violation should be overlooked to allow such evidence to be considered by the Court. Further, it cannot be said that a Pittsburg Police Department Report (Exh. 7 to Plaintiff's Opp.) is an admission of Defendants. Finally, despite Plaintiff's further effort to qualify Roger Clark and lay a proper foundation for his opinion, the Court can plainly see he is not qualified to render expert opinion and an insufficient foundation has been laid in this case for his speculative testimony and improper liability opinions.

## II. REPLY ARGUMENTS

### A. Evidence Pertaining to Claimed Injuries of Deputy Patzer and the Martins' Declarations Should Be Stricken As These Contentions Were Not Disclosed To Defendants in Discovery

Defendants have painstakingly specified the chronology of the discovery battle we endured to get Plaintiff to commit to his factual and legal contentions against Defendants in this matter. Defendants were successful in pinning Plaintiff down to the universe of Plaintiff's contentions so Defendants could adequate defend themselves in this matter. In that vein, Plaintiff listed only <u>eight</u> such contentions in discovery, in other words, eight such areas Plaintiff was contending that liability existed against Defendants. <u>Plaintiff is stuck with these contentions</u>. Plaintiff did not list in discovery the contention that Deputy Patzer made alleged admissions that he hit his head on the air conditioner unit as opposed to being punched in the head by Day. This

DEFENDANTS' REPLY BRIEF IN SUPPORT OF OBJECTIONS AND MOTION TO STRIKE PLAINTIFFS' PROFFERED EVIDENCE IN OPPOSITION TO DEFENDANTS' MSJ/MSA – C07-4335 PJH

2

was absent from Plaintiff's list of contentions. Further, Plaintiff did not list in discovery the contention that Deputy Patzer's injuries to his body may have come from the bushes, the wall or the debris. This was also absent from Plaintiff's list of contentions. Further, Plaintiff did not list in discovery the contention that neighborhood witnesses heard noises that they believe were consistent with someone running into an air conditioning unit. Not only was this contention absent from Plaintiff's list of contentions, but one of Plaintiff's contentions from the list of eight actually directly contradicted such a contention. ("Neighbors did not see or hear any fights between Patzer and the decedent." Defendants' MPA for the MSJ, pgs. 12:14-13:15 (see specifically pg. 13:8)). Plaintiff cannot now rely upon "new" theories and contentions not disclosed to Defendants in discovery to try to oppose Defendants' dispositive motion.

Should Plaintiff have identified contentions in discovery regarding Deputy Patzer allegedly hitting the air conditioner with his head, or being injured from the bushes, the wall, or the debris, or the contention that neighbors heard noises that they believe were a person running into an air conditioning unit, Defendants would have been entitled to question Plaintiff at deposition regarding these issues and investigate and question Plaintiff's supporting witnesses regarding these contentions. Defendants were not given an opportunity to do so as such contentions were not disclosed in discovery. Moreover, Defendants were not informed of the purported testimony of the Martins so were not given an opportunity to depose the Martins regarding their claimed beliefs about hearing a noise and equating such to someone hitting the air conditioning unit.[1]

Since these contentions were not set forth in Plaintiff's discovery responses, Defendants were precluded from investigating these issues, issues which Plaintiff now seeks to put at the forefront of his arguments in opposition to Defendants' motion. Such a diversionary discovery abuse by Plaintiff cannot be overlooked by the Court considering such proffered evidence, evidence that was clearly not disclosed to Defendants in discovery. Defendants made an

---

[1] Moreover, Plaintiff has not demonstrated that the Martins have sufficient foundation to equate any noises they might have heard with someone running into the air conditioning unit without any evidence submitted by Plaintiff that the Martins have heard such an issue before. Otherwise, as is the case here, such testimony is wholly speculative.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF OBJECTIONS AND
MOTION TO STRIKE PLAINTIFFS' PROFFERED EVIDENCE IN
OPPOSITION TO DEFENDANTS' MSJ/MSA – C07-4335 PJH

3

extensive effort to flush out all contentions of the Plaintiff in discovery in preparation for this motion and Plaintiff identified only <u>eight</u> such contentions, none of which are sufficient to defeat this dispositive motion and none of which included this evidence Plaintiff now sets forth for the first time. At this late hour in this case, after discovery has closed and while this dispositive motion is pending, Plaintiff should not be able to effectively amend his discovery responses via the inclusion of these "new" contentions in opposition to Defendants' motion, contentions that Defendants were not able to explore in discovery as such contentions were not disclosed. Plaintiff is stuck with his discovery contentions, none of which relate to Deputy Patzer's claimed admission about hitting his head on the air conditioning unit, suffering injuries due to the bushes, wall or debris, or the fact that neighbors supposedly heard someone running into the air conditioning unit during the flight/struggle.[2] These discovery omissions by Plaintiff bar their use in opposing this motion for summary judgment and their use by Plaintiff's purported expert. Defendants objections and motions to strike numbers 1, 2, 12, and 13 should be granted.

### B. Evidence Pertaining to the Claimed Admission of Deputy Patzer of Hitting His Head on the Air Conditioner Should Be Stricken

Though Defendants concede that a statement by party can be deemed an admission, <u>the form of that evidence will dictate admissibility</u>. In other words, Plaintiffs attempt to offer up evidence containing multiple layers of hearsay in an effort to get this claimed admission into evidence. Defendants have already demonstrated the inherent unreliability of multiple layers of hearsay pertaining to this evidence in their moving objections and motion to strike. <u>All layers of hearsay need to have exceptions</u> to be potentially admissible and Plaintiff has failed to show such exceptions to each such layer. Plaintiff does not provide any direct proof of such a claimed admission such as a statement from Deputy Patzer in his deposition or even from sworn testimony from Sgt. Clark. In fact, Plaintiff never took the deposition of Sgt. Clark to clarify this claimed

---

[2] Irrespective of these arguments for such evidence to be stricken, as Defendants argued in their moving and reply papers in relation to the motion for summary judgment, whether or not this evidence is admitted regarding Deputy Patzer supposedly hitting the air conditioning unit, this is **not a material issue** as it does not have a direct bearing on whether or not Deputy Patzer used deadly force in an objectively reasonable manner when he was being attacked for the third time by Decedent in this dark, cramped and garbage laden area. The threat profile presented by Decedent warranted the use of deadly force and the air conditioning unit issue does not affect that analysis.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF OBJECTIONS AND      4
MOTION TO STRIKE PLAINTIFFS' PROFFERED EVIDENCE IN
OPPOSITION TO DEFENDANTS' MSJ/MSA – C07-4335 PJH

admission. Plaintiff also cites no authority demonstrating that police reports or portions of such reports are excluded from the hearsay rule. It is common knowledge that police reports are inadmissible as they are hearsay without an exception. Plaintiff's failure to provide reliable evidence, instead of multiple hearsay without hearsay exceptions, is fatal to the admissibility of such evidence.

Furthermore, Plaintiff's attempt to bootstrap a police report from the Pittsburg Police Department (Plaintiff's Exh. 7), an entity that is not a party in this matter, to be considered as an alleged admission of Defendants is improper. Such a report is clearly multiple hearsay and cannot be asserted as an admission against Defendants as Defendants did not author such reports. In addition, the Pittsburg Police Department and/or the City of Pittsburg is not a party in this case. At a minimum, Exhibit 7 should be excluded as it has no exception to the hearsay rule and was not authored by Defendants.

C.  **Plaintiff's Have Not Satisfied the Requirements to Admit Evidence Pertaining to Purported Expert Roger Clark**

Plaintiff's desperate effort to submit additional information to attempt to qualify Clark as an expert and attempt to admit his speculative and improper opinions in this case should fail. In Defendants' moving papers related to the objectionss and motion to strike Clark, Defendants have very clearly delineated the reasons and factors necessitating the exclusion of Clark and his opinions in relation to the Defendants dispositive motion.

Initially, Clark is not qualified to render an expert opinion. Simply because Clark has been a police officer in the past does not render him an expert witness. Simply because other courts have perhaps qualified Clark as an expert in some limited fashion does not make him an expert in relation to the issues in this <u>Day</u> case. The evaluation of admitting testimony from experts is done on a case by case analysis. Just because Clark testified in <u>Blankenhorn</u> regarding disciplinary issues does not make him qualified to render expert opinions regarding the use of deadly force in this case. Perhaps other defense counsel did not object to Clark as an expert or a different foundation was laid, meaning Plaintiff established the appropriate foundation, so courts in prior cases admitted his testimony. On the contrary, Defendants vehemently object to the

DEFENDANTS' REPLY BRIEF IN SUPPORT OF OBJECTIONS AND
MOTION TO STRIKE PLAINTIFFS' PROFFERED EVIDENCE IN
OPPOSITION TO DEFENDANTS' MSJ/MSA – C07-4335 PJH

5

Court considering Clark an expert and considering his speculative and improper opinions in this case.

The <u>Daubert</u> case and its progeny were specifically created to give the courts guidance with regard to their important gatekeeping function, especially with regard to experts from the non-scientific fields to weed out some purported experts and junk opinions. Clark's experience pertaining specifically to issues in this case is lacking and has not been sufficiently demonstrated by Plaintiff. Further, the evidence submitted by Defendants to exclude Clark reveals Clark's patent deficiencies in terms of qualifications as an expert. Clark's preposterous opinion that the <u>Graham</u> case did not change the use of force analysis is a clear example of his lack of qualification as an expert in this case.

Plaintiff has not set forth a sufficient foundation for Clark's opinions. Even if Clark's opinions are allowed, they do not raise any genuine issue of material facts to defeat Defendants' motion for summary judgment. Further, Clark's opinions are based wholly on speculation, as specifically delineated in Defendants' moving papers for this motion to strike, and should not and cannot be admitted by the Court. Clark attempts to grasp onto speculative facts and then attempts to extrapolate and predict future events which is clearly nothing more than guesswork. Any person is able to make deductions from a set of facts and Clark's evidence is nothing more than unsupported conclusions and conjecture. Clark's opinions are clearly based upon speculation, subjecting them to being stricken.

Finally, Plaintiff appears to concede that Clark cannot render expert testimony about whether the shooting was objectively reasonable. (See Plaintiff's Response, pg. 19:11-12, 19). This concession is in line with the authorities cited by Defendants and is also in line with Clark's own testimony at deposition that he cannot render legal opinions. (See Defendants' Objection and Motion to Strike, Exh. C, pgs. 22-23, 54-57, 65-66). Plaintiff also fails to distinguish the <u>Berry</u> case and other authorities in line with <u>Berry</u> regarding improper liability opinions. <u>Berry v. City of Detroit</u>, 25 F.3d 1342, 1353 (6th Cir. 1994). In short, should the Court consider Clark qualified to testify as an expert in this case, at most, Clark's opinions should be limited to potential police procedural violations by Deputy Patzer, none of which rise to the level of an

DEFENDANTS' REPLY BRIEF IN SUPPORT OF OBJECTIONS AND
MOTION TO STRIKE PLAINTIFFS' PROFFERED EVIDENCE IN
OPPOSITION TO DEFENDANTS' MSJ/MSA – C07-4335 PJH

6

independent constitutional violation sufficient to defeat this motion. In other words, should the Court consider Clark's opinions (excluding his legal conclusions which are clearly improper), such opinions cannot be used as a basis to defeat Defendants' motion for summary judgment.

### III. CONCLUSION

All in all, most of Plaintiff's proffered evidence is subject to exclusion as stated herein and per Defendants' moving papers. Nonetheless, should Plaintiff's evidence be admitted for consideration for the purposes of this motion for summary judgment, Plaintiff's evidence does not demonstrate any genuine issues of material facts sufficient to defeat this dispositive motion. As such, either way, Defendants are still entitled to judgment as a matter of law.

Dated: September 5, 2008

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendants
COUNTY OF CONTRA COSTA, JOSHUA PATZER, and WARREN RUPF